JESSE M. BURTZ, plaintiff in error, vs. W. G. ROBINSON & Company, defendants in error.

Land set apart by the assignee to the bankrupt as exempt, does not vest in the wife and family of the bankrupt, but the title remains in him until the state law is complied with, and the property is set apart as a homestead under that law.

Bankrupt. Homestead. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1877.

An execution in favor of Robinson & Co. was levied upon certain land as the property of Burtz, the defendant in *fi. fa.* He claimed it for his family, as having been set apart to him as a homestead by the United States district court for the southern district of Georgia, under the bankrupt law of the United States. The issue thus made was submitted to the court without the intervention of a jury.

The evidence showed that the defendant in *fi. fa.* had been adjudicated a bankrupt, and that the land levied on had been set apart by his assignee as a homestead. It was admitted that the debt upon which the homestead was based, had been contracted since the adoption of the constitution of 1868, and that no homestead had been set apart in the courts of the state under the state law.

The court held the property subject, and claimant excepted.

W. C. McCALL, by brief, for plaintiff in error.

L. P. D. WARREN; JAMES H. SPENCE, for defendants.

JACKSON, Judge.

The single question made in this case is, whether land set apart by the assignee in bankruptcy for the bankrupt, can be afterwards treated as the sole property of the bankrupt without respect to any homestead rights acquired by the bankrupt proceedings, the said land never having been ad-

measured, and platted, and recorded according to the state law. The property is subject to a judgment rendered after the bankruptcy, if no homestead has been set apart under the state law. 55 *Ga.*, 581; 56 *Ib.*, 559; 57 *Ib.*, 349.

Judgment affirmed.