FELKER vs. CRANE, BOYLSTON & COMPANY.

The only effect that the legislation of congress has upon the title to property reserved as a homestead, is to prevent its passing to the assignee in bankruptcy, and thus to withdraw it from the jurisdiction of the bankrupt court, leaving it where it was before the proceedings in bankruptcy were commenced, and depriving that court of the power of administering it as a part of the estate of the bankrupt. The title does not vest for the use of his family until the state law has been complied with. Therefore, an exemption in bankruptcy is subject to a debt contracted by the debtor after his discharge.

(a.) In the case in 65 *Ga.*, 624, the levy was made for a debt contracted since the passage of the homestead act, but which existed before the commencement of the bankruptcy proceedings.

March 13, 1883.

Bankruptcy. Homestead. Liens. Debtor and Creditor. Before Judge ERWIN. Walton Superior Court. August Term, 1882.

In 1875 Felker was adjudged a bankrupt, and was discharged in 1876. His assignee set apart to him certain land as an exemption, and the same was allowed by the court. No proceedings were taken to have a homestead set apart by the ordinary. In 1881, the firm of Felker & Company gave certain notes, and on failing to pay them they were reduced to judgment, and a levy was made on the land set apart as an exemption by the bankrupt court. Felker claimed it on behalf of his wife and children.

The case was submitted to the court without a jury. He held the property subject, and the claimant excepted.

JOHN W. ARNOLD; H. D. McDANIEL, for plaintiff in error.

WILLIAM J. RAY, for defendants.

HALL, Justice.

Is a homestead, allowed by the laws of this state to the

head of the family, and recognized by the bankrupt laws of congress, which has been set apart by the district court of the United States to one adjudged a bankrupt, liable to a debt he has contracted after his final discharge, where he has failed to have it assigned by the proper state courts, in the manner prescribed by the constitution and laws of the state?

The only effect that the legislation of congress has upon the title to the property reserved as a homestead, is to prevent it from passing to the assignee in bankruptcy, and thus to withdraw it from the jurisdiction of the bankrupt court, leaving it where it was before the proceedings in bankruptcy were commenced. This tribunal is deprived thereby of the power of administering it as a part of the estate of the bankrupt. *In re* Bass, 3 Woods' R., 382, per Bradley, Circuit Justice. So in *Bush vs. Lester*, 55 *Ga.*, 581, the same principle is announced in this clear and explicit language: "The assignee acquires no title, and imparts none to the bankrupt. He admeasures, or values, and allows the bankrupt to retain. The latter has precisely the same title after his exempt property has been set apart as he had to it before." *Farmer vs. Taylor et al.* announces the same principle, and deduces therefrom the conclusion that "land set apart to the bankrupt by his assignee as exempt, does not vest in his wife or family, unless the local law is complied with in respect to platting it and recording the plat in the proper office of the county. This may be done before or after the proceeding in bankruptcy; but until done, the bankrupt may convey, free from any claim by his wife or children." 56 *Ga.*, 559; 57 *Ib.*, 349; 59 *Ib.*, 763.

Nor does *Ross vs. Worsham*, 65 *Ga.*, 624, contain, as was supposed by counsel for plaintiff in error, anything at variance with the foregoing cases, or any modification of the principle they announce. There the execution that was levied issued from a judgment on a debt created since the passage of the homestead act to carry into effect the provisions of the constitution of 1868,

but which existed before and at the time of the commencement of the proceedings in bankruptcy. The land was set apart as an exemption, and the levy was then made and the claim interposed by the bankrupt, in his own right, and not on behalf of his wife and children. Under the circumstances, this court held that it was not subject to the execution, and that a resort to the state courts was not necessary to a consummation of the exemption in favor of the claimant. Crawford, J., delivering the opinion of the court, is careful to guard against any such misapprehension as has happened in the present case. He says: "Nor are we to be understood as deciding any question beside that made by the record, which is, that when an exemption is granted by the judge or by the register.in bankruptcy, that the same is no more subject to levy and sale than if it had been set apart by the ordinary having jurisdiction thereof. What title he takes, or what interest therein, if any, his wife and children may have, is not in this case, and is, therefore, not decided." It had, on divers occasions before then, been decided, if not in express terms, at least by implication, that they took no interest which could be recognized by the courts, until the homestead had been set apart for their benefit, under the laws of the state.

Judgment affirmed.