In re HERRIN & WEST.

(District Court, N. D. Georgia. July 6, 1914.)

No. 3474.

BANKRUPTCY (§ 400*)—EXEMPTIONS—HOMESTEAD—CONFIRMATION—DISALLOWANCE.

 General order No. 17 (89 Fed. viii, 32 C. C. A. xix) provides that a bankrupt's trustee, within 20 days after notice of his appointment, shall report articles set off to the bankrupt as exempt with the estimated value of each article, and any creditor may take exceptions to the trustee's determination within 20 days after the filing of such report. *Held*, that a referee's order allowing the bankrupt a homestead exemption of $1,390 was inchoate until confirmed, and hence the bankrupt having immediately transferred his exemption to a creditor before confirmation, and other creditors having filed objections, to set aside the exemption allowance as a preference, the bankrupt was properly permitted to amend his schedules and withdraw his application for a homestead exemption.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Herrin & West. Rehearing on a petition of C. H. Stewart to review a referee's order revoking a homestead exemption, in which the court filed a brief opinion April 10, 1914. Affirmed.

W. F. Brown and Adamson & Brown, all of Carrollton, Ga., and Hall & Jones, of Newnan, Ga., for petitioner.

Boykin & Boykin, of Carrollton, Ga., for trustee.

NEWMAN, District Judge. It appears that on March 22, 1913, there was set apart to W. E. Herrin, a member of the firm of Herrin & West, bankrupts, a homestead exemption, and of said exemption $1,390, allowed in cash, was transferred to C. H. Stewart "for valuable consideration," as expressed in the paper, afterwards on the same day. Within the 20 days required by the statute (that is, in 19 days), certain creditors filed objections to the allowance of the exemption to Herrin on the ground that W. E. Herrin had claimed the exemption

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and assigned the same to said Stewart for the purpose of giving a preference to said Stewart, which objections were afterwards amended.

On October 29, 1913, it appears that both W. E. Herrin and W. W. West, his partner, withdrew their application for homestead exemption, and a petition was filed in December, 1913, by C. H. Stewart asserting that the action of Herrin in this effort to amend his schedule and withdraw his application to a homestead exemption was illegal and should not be allowed, and praying that the title to the property in question, constituting the homestead exemption of $1,390, be decreed to be in Stewart. On this the referee made the following order:

"After hearing argument in this matter and considering the same, it is considered, ordered, and adjudged that the prayer in said petition be and the same is hereby overruled and denied on the following grounds: Before the expiration of 20 days after the filing of the report by the trustee setting apart or allowing the money and property claimed as exempt by bankrupt, W. E. Herrin, as his exemption, the creditors of said W. E. Herrin filed exceptions to the allowance of said exemption by said trustee to said W. E. Herrin on the ground that said W. E. Herrin had claimed said exemption and assigned the same to the said C. H. Stewart for the purpose of giving a preference to said Stewart, and afterwards amended said objections by adding the additional ground that said W. E. Herrin was not entitled to said homestead exemption because he had concealed certain parts of his assets and refused to disclose and turn them over to said trustee. That while said objections were pending, and at the time the same had been set for a hearing, the said W. E. Herrin prayed the court to pass an order allowing him to amend his claim for homestead exemption by striking from same the sum of money claimed by him as part of his exemption, which request or prayer was granted. I hold under these facts that the right to this exemption was inchoate and had not ripened into a perfect and indefeasible right, and that the said W. E. Herrin had a right to voluntarily surrender what the court could have taken from him, should said objections have been sustained."

This order was brought before the court for review, and was affirmed in a brief opinion filed April 10, 1914, as follows:

"What the referee holds in this case I think is true, and that is that the right to homestead exemption does not become complete and transferable by the bankrupt, to whom this exemption is allowed, until it is approved by the referee. The referee says that the right to this exemption was inchoate and had not ripened into a perfect and indefeasible right, and therefore the bankrupts had the right to withdraw their claim to an exemption and to amend their schedule accordingly. General order No. 17 [89 Fed. viii, 32 C. C. A. xix] among other things provides: 'The trustee shall make report to the court, within twenty days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of the act, with the estimated value of each article, and any creditor may take exceptions to the determination of the trustee within twenty days after the filing of the report.' Until there is a confirmation of this report of the trustee, there is clearly no final allowance of the exemption, and it seems to me, so far as the practice of this court is concerned, the homestead exemption being a personal right, that the bankrupt might withdraw his claim to the same at any time. Certainly to transfer the exemption before it has been approved by the referee would not give any rights in the bankrupt in the bankrupt court. The order of the referee is hereby approved and confirmed."

I see no reason for changing the judgment of the court entered on the former hearing. It is perfectly clear that objections were filed to the allowance of the homestead, and upon grounds which, according

to some of the authorities, would be a good ground of objection. I think the effect of the decision in Moran v. King, 111 Fed. 730, 49 C. C. A. 578, decided by the Circuit Court of Appeals for the Fourth Circuit, is indicative of the holding that this would be a good ground of objection. That is, if the bankrupt seeks not in good faith to get a homestead exemption for his family, but to take the same and transfer it to one of his creditors; the effect being to give the creditor transferee in such matter a preference to that extent over other creditors. Be that as it may, however, it was an objection filed and was sufficient to prevent the referee from entering his approval of the trustee's action in setting apart the homestead exemption, and I think that is necessary to make a complete exemption, that it be set apart by the trustee and confirmed by the referee. Therefore the referee correctly decided that, at the time the transfer was made (that is, on the same day the exemption was set apart), the exemption was inchoate and incomplete.

The case cited by learned counsel representing Stewart on this motion for a rehearing (Taylor Co. et al. v. Williams, 139 Ga. 581, 77 S. E. 386) is not, in my opinion, controlling in this matter, as counsel seem to think, and it would seem to me to be an authority contrary to the position taken. In that case the headnote, and it is a headnote decision, says this:

"Where an insolvent person files a voluntary petition in bankruptcy, and prays that property be set apart to him as exempt under homestead laws of this state, and upon such petition is adjudged a bankrupt, and a trustee in bankruptcy is appointed, who sets apart to the bankrupt property as prayed, and duly files his report thereof in the court of bankruptcy, to which no exception is filed, the bankrupt has an assignable interest in the property so set apart, and it is lawful for him to assign the property in good faith for application to pre-existing debts, although the assignment be made before expiration of the 20 days allowed under general order No. 17 (Collier on Bankruptcy, 1067), within which to file exceptions."

In that case, it will be seen, no exceptions were filed to the allowance of the exemption. Perhaps, conceding this case to be controlling so far as it goes, it would be to the effect that where a bankrupt assigns his exemption after it is allowed by the trustee, and subsequently the 20 days elapse without any objections being filed, and the action of the trustee stands confirmed, the transfer of the exemption by the bankrupt would be good. This case is entirely different. In the case of Taylor Co. v. Williams, supra, it may be assumed that the application for the exemption was approved, or certainly the 20 days elapsed without any objections being filed, which would make an entirely different case from the present.

I think, and so hold, that to make a complete exemption, which would be transferable and title conveyed, there must be an approval by the referee of the exemption set apart by the trustee, or at least 20 days must elapse without any objections being filed to the allowance of the homestead. Whether in the latter case that is, where 20 days elapse without objections being filed, the title in the bankrupt would be complete it is unnecessary now to determine.

A new phase is given to this case, however, by a paper which I now find in the record for the first time, and to which my attention had

not before been called, being a petition dated April 14, 1914, in which Mr. Herrin withdraws his application to amend his schedule by renouncing and waiving his right to the homestead exemption and reclaims the same in accordance with his original claim in his schedule. What effect this will have upon the case I do not now know. The trustee should be directed to hold the funds in his hands until this matter can be heard, as I find it has not been passed upon in any way by the referee, so far as the record shows.

I adhere to my original decision in the matter approving the action of the referee, but with the statement just made with reference to the effect of Mr. Herrin to reclaim his exemption.