### In re BITNER.

### KEEL v. LIGHTBODY.

(Circuit Court of Appeals, Seventh Circuit. September 3, 1918.)

No. 2559.

1. BANKRUPTCY ⬤⟳396(1)—EXEMPTION—STATE LAW.
   State law controls as to nature and amount of exemption.

2. HOMESTEAD ⬤⟳128—EXEMPTION.
   Where an Illinois homestead was worth less than $1,000 over and above incumbrances, there is no question of setting off the whole or any, preliminary to sale on execution, and no valid sale can be made under execution; but the owner, despite sale or judgment, may dispose of his interest free from judgment liens, etc.

3. BANKRUPTCY ⬤⟳396(5)—TRUSTEE—RIGHTS OF HOMESTEAD.
   Where, under the state laws, the bankrupt's equity in a homestead was completely exempt, no interest passed to the trustee.

4. BANKRUPTCY ⬤⟳400(1)—SETTING ASIDE EXEMPTIONS—CLAIM.
   Where, under the state laws, the bankrupt's equity in a homestead was wholly exempt, so no title passed to the trustee, held, that title passed to the mortgagee, to whom the bankrupt conveyed his interest, and, the bankrupt having later conveyed to the trustee, the mortgagee was not required to assert his title; General Order No. 17 (89 Fed. viii, 32 C. C. A. xix), relating to setting aside exemptions, being inapplicable.

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

In the matter of Charles Bitner, bankrupt. George W. Keel appeals from orders of the District Court, affirming orders of the referee granting the petition of Leslie Lightbody, trustee in bankruptcy, for the sale of real estate, and denying appellant's petition to set the order aside. Reversed and remanded.

Robert H. Lovett, of Peoria, Ill., for appellant.
Ira J. Covey, of Peoria, Ill., for appellee.

Before MACK and EVANS, Circuit Judges.

MACK, Circuit Judge. The question raised on this appeal is a very narrow one. What rights, if any, has a trustee in bankruptcy in and to the equity of a bankrupt in an Illinois homestead estate, concededly

worth less than $1,000. over and above the incumbrances, at the time that the voluntary petition in bankruptcy was filed, homestead exemption having been claimed in the schedule filed by the bankrupt?

Title to the property in question stood in the bankrupt at the date of the filing of the petition. Subsequently he and his wife conveyed the property to the mortgagee, and some months later they again conveyed it to the trustee in bankruptcy.

[1, 2] The state law controls as to the nature and amount of exemption, and in Illinois it is clearly settled, not merely that a homestead to the extent of $1,000 is exempt, but that, if the homestead premises are worth, over and above incumbrances, less than $1,000, the property itself is absolutely free from claims of creditors. In such a case there is no question of setting off the whole or any part of the property on account of the homestead interest preliminary to a sale on execution. No valid sale can be made; if made, it is a nullity, and no title whatsoever passes thereunder. Despite such a sale, despite any judgments, the owner may dispose of such homestead interest as he pleases free of judgment liens. Brokaw v. Ogle, 170 Ill. 121, 48 N. E. 394; Garwood v. Garwood, 244 Ill. 582, 91 N. E. 672; Sheahan v. Madigan, 275 Ill. 379, 114 N. E. 135.

[3] It follows, therefore, that, as the equity was exempt from creditors' claims, no interest therein passed to the trustee by virtue of the bankruptcy proceedings. The title remained in the bankrupt. His right to dispose of it was unrestricted. Whether he sold it, or gave it away, or granted it to one or more of his creditors, with or without a consideration, was a matter that did not in the slightest degree concern the trustee in bankruptcy or any creditor, inasmuch as under no circumstances had they or any of them any interest therein.

No question arises here as to the jurisdiction of a court of bankruptcy to determine whether or not the equity equaled or exceeded $1,000. When it was expressly determined that, as stated in the schedules and as found by the appraisers, the value of the equity was less than $1,000, the court should have decreed that the trustee had no interest therein by virtue of the bankruptcy proceedings; and inasmuch as the conveyance by the bankrupt and his wife vested title in appellant, the mortgagee, the later conveyance to the trustee was ineffective for any purpose whatsoever.

[4] The trustee's report, rendered some nine months after the petition in bankruptcy was filed, and shortly after the second deed was executed, that thereby the bankrupt had waived his claim of exemption, imposed no duty upon appellant, the real owner of the legal title, to assert that title in the bankruptcy court. General Order No. 17 (89 Fed. viii, 32 C. C. A. xix), which requires a trustee to set off exempt articles within 20 days, and creditors to take exceptions to the trustee's report within 20 days, has no application, because here there were no exemptions to be set off by the trustee. The trustee merely made an ex parte erroneous report and claim of title; appellant, as owner, was under no obligation to except thereto.

This case is totally unlike the cases cited by appellee, involving claims of homestead rights as distinguished from homestead estates, or claims

to exemption out of a larger mass, or a homestead estate in property worth more than $1,000. Here the entire real estate in question was the homestead; the entire piece of property, the equity of which was worth less than $1,000 was exempt, and no act of any kind by the trustee was necessary to secure this exemption to the bankrupt.

The petition of the trustee for the sale of the real estate, subject only to the lien of the mortgage incumbrances, should have been denied, and the petition of appellant to set aside the order of sale of the equity should have been granted.

The order of the District Court, affirming the orders of the referee for the sale of the equity, and dismissing appellant's petition to set this order aside, will therefore be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

NOTE.—Judge KOHLSAAT concurred in these conclusions, but died before the opinion was prepared.