### PEYTON v. FARMERS' NAT. BANK OF HILLSBORO, TEX., et al.

(Circuit Court of Appeals, Fifth Circuit. November 19, 1919.)

No. 3353.

1. BANKRUPTCY ⟨⟩396(5)—NECESSITY OF INDICATING SELECTION OF RESIDENCE HOMESTEAD BEFORE PETITION FILED.

Bankrupt is not entitled to a house, as a living homestead, as exempt under Rev. St. Tex. 1911, art. 3785; he, though having had property other than it suitable for his homestead, calling on him to indicate his selec-. tion, never having occupied it, nor taken preparatory steps, nor declared his intention to occupy it as a home, prior to filing of the petition in bankruptcy, when, under Bankruptcy Act July 1, 1898, § 47a, cl. 2 (Comp. St. § 9631) its status became fixed.

2. BANKRUPTCY ⟨⟩398(1)—OBJECTION TO EXEMPTION.

Bankrupt is entitled to have a carriage set aside to him as exempt, under Rev. St. Tex. 1911, art. 3785, as against claim of objecting creditor that it was bought with proceeds of grain mortgaged to him, and which bankrupt had agreed to pay to him; this not being a claim which the trustee could assert, not being a transfer under Bankruptcy Act July 1, 1898, § 70e (Comp. St. § 9654), nor a lien obtained by legal proceedings,

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or at all, under section 67 (section 9651), but a claim to be asserted by the creditor in the state court.

3. BANKRUPTCY ⬨396(5)—MACHINERY IN BUSINESS HOMESTEAD AS EXEMPT.

Bankrupt's mill being on leased land, he is not entitled to have set aside, as part of his business homestead, exempt under Rev. St. Tex. 1911, art. 3785, machinery in it, though constituting fixtures, nor appurtenances on the lot, outside the building.

4. BANKRUPTCY ⬨396(4)—EXEMPTION OF MACHINERY AS "TOOLS OF TRADE."

Machinery may not be set aside to bankrupt as tools or apparatus of trade, exempt under Rev. St. Tex. 1911, art. 3785, where run by other power than hand.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tools of Trade.]

5. COURTS ⬨366(19)—FEDERAL COURTS BOUND BY STATE DECISIONS ON EXEMPTIONS BY CONSTITUTION AND STATUTES.

Federal courts are bound by the decisions of the highest court of a state, construing the exemption provisions of its Constitution and statutes.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of E. H. Peyton, bankrupt; Edgar E. Witt, trustee, and the Farmers' National Bank of Hillsboro, Tex., objecting creditor. On petition of bankrupt to revise an order of the District Court. Modified and affirmed.

N. B. Williams and Williams & Williams, all of Waco, Tex., for petitioner.

Wear & Frazier, of Hillsboro, Tex., and J. D. Williamson, of Waco, Tex., for respondents.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. This is a petition to revise an order of the District Court, as a court of bankruptcy confirming an order of the referee, which disallowed to the bankrupt certain items set apart to him by the trustee, as exempt under the Statutes of Texas. The items, so disallowed, were (1) a house and lot claimed as a living homestead; (2) an automobile claimed as a family carriage; and (3) certain machinery connected with a grain mill, contained in a building which was allowed the bankrupt as exempt.

[1] 1. The house and lot claimed by the bankrupt, as a living homestead, was purchased by the bankrupt immediately before the filing of his petition in bankruptcy; the deed having been executed two days before that event. The purchased premises were in the possession of a tenant, whose lease did not expire until September 1, 1918; the petition having been filed in the June preceding. The bankrupt testified that he endeavored to secure possession from the grantor's tenant immediately upon his purchase, but was unable to do so. He did not testify that he then disclosed to any one that his purpose in seeking to get possession was to occupy the premises with his family as a home. The record fails to show any disclosure of that intention until after his petition had been filed, at which date the status of the property became

fixed. Section 47a, cl. 2, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [Comp. St. § 9631]); Cooper Grocery Co. v. Park, 218 Fed. 42, 134 C. C. A. 64; Garcia v. Uveda (Tex. Civ. App.) 198 S. W. 167.

The bankrupt, at the time of the purchase, had other property, which was suitable for his homestead, and was therefore called upon to indicate his selection. No preparatory steps to occupy the purchased premises were taken by him before bankruptcy. The attitude of the case is therefore that of one claiming a homestead without occupancy or tangible preparation to that end, and without having declared his intention to occupy the premises as a home. The authorities are against the sufficiency of such a showing for a homestead exemption. Franklin v. Coffee, 18 Tex. 413, 70 Am. Dec. 292; Murphy v. Lewis (Tex. Civ. App.) 198 S. W. 1062; Blackwell v. Lasseter (Tex. Civ. App.) 203 S. W. 620; Markum v. Markum (Tex. Civ. App.) 210 S. W. 841; Barnes v. White, 53 Tex. 628. In the case of Gardner v. Douglass, 64 Tex. 76, relied upon by petitioner, there was a showing of a declaration of intention, and a subsequent occupancy of the premises as a home, both of which are lacking in this case.

[2] 2. The automobile was not allowed by the District Court to the bankrupt as exempt. It was claimed as a family carriage, under article 3785, Revised Statutes of Texas. The objecting creditor disputed the claim, for the reason that it asserted that the automobile had been bought with funds procured by the bankrupt from the sale of grain, which had been mortgaged by the bankrupt to the objecting creditor, and the proceeds of the sale of which the bankrupt had agreed to pay to the objecting creditor. It is clear that the objecting creditor can take nothing by virtue of the mortgage, since it agreed that the mortgagor, the bankrupt, might sell the mortgaged property, notwithstanding the mortgage, relying on the bankrupt's agreement to turn over to the objecting creditor the proceeds of the sale. The claim of the objecting creditor, if any it has, is therefore to the proceeds by the assertion of a trust in them, if they can be traced. The proceeds of the sale of the grain were the property of the bankrupt, subject to the trust, and the automobile purchased partly or wholly with them was the property of the bankrupt, subject to the trust, if the proceeds of the sale of the grain could be traced into the money that bought it.

The bankrupt was entitled to have it set aside to him as exempt, unless the trustee in bankruptcy could assert the objecting creditor's claim. That claim was neither a transfer under section 70e of the act (Comp. St. § 9654), nor a lien obtained by legal proceedings, or at all, under section 67 (section 9651) of the act. It was therefore not vested in the trustee, and, being the right of the individual creditor alone, it could not interfere with the right of the bankrupt to have the automobile declared exempt from administration in the bankrupt court. The jurisdiction of the bankrupt court terminated when the automobile was set aside to the bankrupt. The right of the individual objecting creditor to follow the proceeds of the sale of the grain into the automobile would have to be asserted in the state court; the bankrupt's discharge having been stayed for that purpose. Lockwood v. Exchange

Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The case of Parlin & Orendorff Implement Co. v. Moulden, 228 Fed. 111, 142 C. C. A. 517, L. R. A. 1917B, 130, was one in which the agreement of the bankrupt was with all his creditors, and not one alone, and so inured to the trustee.

[3-5] 3. The District Court allowed the building in which the bankrupt was conducting his mill business to him as a business homestead, but denied the bankrupt's exemptions in the machinery and accessories claimed by him as exempt because a part of it, or as tools and apparatus of his trade. The bankrupt was a miller, and conducted his business as a miller, in a building on ground leased to him by the Cotton Belt Railroad Company. The District Court held that the building, though it was not realty, in view of the tenure by which it was held, was a business homestead as personalty. It further held that, being personalty, it did not carry its contents, though they were fixtures, as a part of it, and as exempt with it. The District Court relied upon the case of Cullers v. Henry & James, 66 Tex. 494, 1 S. W. 314, as controlling, and it seems to us to be so. In that case a ginhouse, which was built on leased land, was allowed the debtor as a business homestead, though it was held to be personalty. Refusing to allow the machinery contained in it, as exempt, the Supreme Court of Texas said (66 Tex. 499, 1 S. W. 315):

"But we do not feel authorized to extend the scope of the law's purpose any further than this. The mill and gin and pertinent apparatus and machinery may become part of the homestead in town or country, not because they are in themselves exempt, but because they are parts of that which is exempt. If they are annexed to and form part of a tract of land in which a family has a homestead right, their location and use will aid in determining what portion of the tract is under protection from seizure, as in the case of Railway Co. v. Winter, 44 Tex. 597. But to be exempt as part of the homestead they must be part of the exempt realty. They form no part of the home proper, which it was the overruling purpose of the Constitution to secure to the family, and can be claimed as exempt only when embraced in the words of the law as part of the land in terms protected."

In the same case the Supreme Court said with reference to the claim that the machinery was exempt as tools of trade under article 2395, Revised Statutes of Texas:

"The proposition that the mill and gin machinery are exempt as tools of trade cannot be seriously insisted upon. That it was urged that they were part of the homestead ought to be a sufficient answer to a claim so diametrically opposite. No authority has been cited which has gone far enough to embrace as tools of trade this kind of property, and the analogies and reason of the law do not persuade us to pioneer such extreme doctrine."

In the case of Willis & Bro. v. Morris, 66 Tex. 628-634, 1 S. W. 799, 803 (59 Am. Rep. 634), the Supreme Court said:

"Expensive and complicated machinery propelled by steam power, or any power other than hand, is not exempt 'as tools of trade'; the latter phrase being held to apply only to simple instruments used by hand. Thompson's Homestead and Exemptions, § 756. The word 'apparatus' used in the statute may take a wider range and embrace such minor machinery as may be operated by hand, and such as courts of high authority have held not to be included under the term 'tools' as used in similar enactments."

The machinery involved in that case was used by the debtors for the manufacture of gins. In Green v. Raymond, 58 Tex. 80, 44 Am. Rep. 601, the Supreme Court construed the section as applying to the printing press and appurtenances of a newspaper publisher, though he was not himself a printer. That case is probably to be distinguished by reason of the power used to propel the machinery. Where hand power is used, the machinery is held to be "tools or apparatus of trade"; but, where steam or any other power than hand is used, machinery so propelled is held not to be included within the statutory terms. There are decisions of the Courts of Civil Appeals of Texas which do not seem to observe the distinction.

In the case at bar the mill machinery was propelled by an electric motor. The reason for the distinction and for the exclusion of machinery attached to a business homestead from the benefit of the exemption laws, because the business homestead consisted of personalty, may not be obvious; but we are bound by the decisions of the Supreme Court of Texas which construe the exemption provisions of its Constitution and statute. The appurtenances of the mill, which were on the mill lot, but not contained in the mill building, are likewise to be excluded from the benefit of the business homestead.

The order of the District Court is modified, by allowing the bankrupt the automobile as exempt, and, as so modified, is affirmed the cost of appeal to be equally taxed between petitioner and respondents; and it is so ordered.