## STRICKLAND HARDWARE CO. *et al. v.* FLETCHER *et al.*

A voluntary bankrupt has an assignable interest in the property claimed by him in his petition as exempt under the constitution and homestead laws of this State; and he may assign the property in good faith to an existing creditor before the property is set apart by the trustee in bankruptcy, and therefore before the exemption is confirmed by the referee in bankruptcy.

The evidence did not authorize a finding that the assignment was fraudulent against creditors, under the Civil Code (1910), § 3224.

Where an insolvent person in his voluntary petition in bankruptcy claims an exemption, under the constitution and homestead laws of this State,

in a stock of merchandise, but prays that the stock of goods be sold by the trustee in bankruptcy and that he be allowed the proceeds of the sale in lieu of the stock of goods, and where the stock of merchandise is sold by the trustee in bankruptcy and the proceeds thereof are set apart to the bankrupt by the trustee in bankruptcy, and the exemption in such proceeds is confirmed by the referee in bankruptcy, an assignment by the bankrupt of·the property set apart to him as an exemption is not a sale of merchandise in bulk as contemplated by the law of sales in bulk, incorporated in sections 3226-3229 of the Civil Code of 1910; and such assignment is not affected by the provisions of said law, even though made before the sale of the stock of goods by the trustee in bankruptcy.

No. 2628. DECEMBER 16, 1921.

Petition for injunction, etc. Before Judge Thomas. Cook superior court. April 23, 1921.

*W. L. Cranford* and *Franklin & Langdale,* for plaintiffs.

*Jackson & Jackson* and *Patterson, Copeland & Slater,* for defendants.

GEORGE, J. In this State it is settled that after a debtor has been adjudicated a bankrupt and property has been allowed him by the referee as an exemption in bankruptcy and the property has been delivered to him by the bankruptcy court, he is at liberty to sell and dispose of it; or he may apply to the State court and have the exempted property set apart as a homestead. *Pincus* v. *Meinhard,* 139 *Ga.* 365 (77 S. E. 82) ; *Peppers* v. *Cauthen,* 143 *Ga.* 229 (84 S. E. 477) ; *Baltimore Bargain House* v. *Busby,* 143 *Ga.* 734 (85 S. E. 875) ; *Hardee* v. *Bank of Donalsonville,* 144 *Ga.* 289 (86 S. E. 938) ; *Tanner-Brice Co.* v. *Morris,* 146 *Ga.* 126 (90 S. E. 855.) It has also been decided that " Where an insolvent person files a voluntary petition in bankruptcy, and prays that property be set apart to him as exempt under homestead laws of this State, and upon such petition is adjudged a bankrupt and a trustee in bankruptcy is appointed, who sets apart to the bankrupt property as prayed, and duly files his report thereof in the court of bankruptcy, to which no exception is filed, the bankrupt has an assignable interest in the property so set apart, and it is lawful for him to assign the property in good faith for application to pre-existing debts, although the assignment be made before expiration of the twenty days allowed under General Order No. 17 (Collier on Bankruptcy, 1067), within which to file exceptions." *Taylor Co.* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386). It has not been decided that the bankrupt has an assignable interest in the property claimed by him as

exempt under the constitution and laws of this State, before the property is set apart by the trustee in bankruptcy. The question is presented in the instant case. On March 3, 1921, R. L. Fletcher filed a voluntary petition in bankruptcy. In his petition he prayed that certain property be set apart to him as exempt under the constitution and homestead laws of this State. On March 4, 1921, Fletcher was adjudged a bankrupt. On March 5, 1921, Fletcher transferred and assigned to a homestead-waiver creditor the property claimed by him as exempt. On March 26, 1921, he transferred all his right, title, and interest in and to the property claimed by him as exempt, to another person to whom he was indebted upon a homestead-waiver note and upon open account, subject nevertheless to the assignment previously made by him on March 4, 1921. Thereafter the property claimed as an exemption by the bankrupt in his petition was set apart by the trustee in bankruptcy, the exemption confirmed by the referee in bankruptcy, and the trustee ordered to deliver the property so set apart to the bankrupt. The contest is not between the bankrupt's assignees, but between other creditors of the bankrupt holding homestead-waiver notes, and the assignees In *Pincus* v. *Meinhard,* supra, it was held that "the title to an exemption set apart to a bankrupt by a court of bankruptcy is in the bankrupt, and can be alienated and sold by him." In that ruling all the Justices concurred, but three of them (Fish, C. J., Evans, P. J., and Lumpkin, J.) specially concurred. In the concurring opinion it was said: "We assent to the principle that property of a bankrupt set apart as an exemption by the bankruptcy court may be assigned by him, when not set apart as a homestead in the State court; but we can not give assent to all that is said in the opinion as reasons for reaching this conclusion. In this case the property was assigned by the bankrupt after it had been set apart in the bankruptcy court, and a discussion bearing on its assignability prior to the exemption is irrelevant to the question for decision." Pincus was in fact adjudicated a bankrupt on January 2, 1912. He claimed an exemption in certain personalty, consisting of a stock of merchandise, which was set apart by the trustee in bankruptcy. The exemption was confirmed by the referee in bankruptcy on February 14, 1912, and the trustee was ordered to deliver the property so set aside to the bankrupt, which was done. On the same day the bankrupt sold to his brother the stock of goods

so set apart, in payment of a pre-existing debt, and delivered the exempted property to the assignee on February 16, 1912. The reason given by the court for its conclusion in the *Pincus* case is found in the following quotation from the opinion by Hill, J.: "There is no question that prior to the bankruptcy proceedings the title to the goods was in Max Pincus. Did his voluntary petition in bankruptcy, and the submitting of himself and his assets, consisting wholly of the stock of goods set apart as exempt by the trustee, to the bankruptcy court, divest the title and vest it in the trustee? By subsection (a) of section 70 of the bankruptcy act of 1898 (30 Stat. 565, U. S. Comp. St. 1901, p. 3451), it is provided that ' the trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, *except in so far as it is to property which is exempt,*' etc. (Italics are the writer's.) 3 Remington on Bankruptcy, Supp. 867, § 70. In the case of Lockwood *v.* Exchange Bank, 190 U. S. 294 (23 Sup. Ct. 751, 47 L. ed. 1061), it was held that ' The trustee does not take title to property exempt by the law of the State, but, until the exempt property is set off, has possession.' See also Collier on Bankruptcy (9th ed.), 1029 (b) ; *McKenney* v. *Cheney,* 118 *Ga.* 387, 392 (45 S. E. 433). But though the title to the property set aside by the bankruptcy court is still in the bankrupt, it is as much exempt from levy and sale as to existing debts, where there is no valid waiver of homestead and exemption rights, as if it had been set apart by the ordinary of the State having jurisdiction. *Evans* v. *Rounsaville,* 115 *Ga.* 864 (42 S. E. 100). But this is not true as to debts contracted subsequently to the setting aside of the exemption. *Dozier* v. *McWhorter,* 113 *Ga.* 559. When the exemption is set apart to the bankrupt by the bankruptcy court, the title is in the bankrupt precisely as it was before. *Broach* v. *Powell,* 79 *Ga.* 79, 81, 82 (3 S. E. 763) ; *Bush* v. *Lester,* 55 *Ga.* 579, 581; *Broach* v. *Barfield,* 57 *Ga.* 601, 604; *Burtz* v. *Robinson,* 59 *Ga.* 763; *Laramore* v. *McKinzie,* 60 *Ga.* 532, 534; *Brady* v. *Brady,* 67 *Ga.* 368; *Felker* v. *Crane,* 70 *Ga.* 484; *Anderson* v. *Brown,* 72 *Ga.* 713. The title being in the bankrupt, he can alienate the property set apart by the bankruptcy court before such time as he applies for and obtains a homestead and exemption under

and by virtue of the constitution and laws of the State, as head of a family, or as having the care and support of dependent females. *Felker* v. *Crane, 70 Ga.* 484." The reason given as a basis for the conclusion reached in the *Pincus* case appears upon examination to be sound and supported by the authorities. See in re Seabolt, 113 Fed. 766 (3, 4).

We are therefore of the opinion that where an insolvent person files a voluntary petition in bankruptcy and prays that property be set apart to him as exempt under the constitution and homestead laws of this State, and upon such petition is adjudicated a bankrupt, the bankrupt has an assignable interest in the property claimed by him to be exempt, and it is lawful for him to assign the property in good faith in settlement of or as security for a pre-existing debt, although the assignment be made before the exemption is set apart by the trustee in bankruptcy. It must be remembered that under the Civil Code (1910), § 3230, " a debtor may prefer one creditor to another, and to that end he may bona fide give a lien by mortgage or other legal means, or he may sell in payment of the debt, or he may transfer choses in action as collateral security, the surplus in such cases not being reserved for his own benefit," if such sale or transfer is not fraudulent as against creditors under the Civil Code (1910), § 3224.

It is true that the bankrupt might have withdrawn his claim to the property, and his right to have the property set apart as exempt might have been defeated in certain circumstances by his creditors; but we can not admit that the bankrupt's interest in the property claimed by him as exempt under the constitution and laws of this State, prior to the setting apart of the property by the bankruptcy court, is a bare contingency or possibility which can not be the subject of a sale under the Civil Code (1910), § 4117. The title of the bankrupt in the property is more nearly analogous to a defeasible title. He may by his own act divest himself of title; or his right to have the property set apart by the bankruptcy court may, in certain circumstances, be defeated. As we have seen, however, the bankrupt prayed that certain property be set apart to him as exempt, and the property was set apart to the bankrupt as prayed. In these circumstances a court of equity will give effect to the assignments, unless fraudulent as against creditors. Upon that question the evidence discloses no fact or circumstance suf-

ficient to authorize the inference or finding that the assignments were made by the bankrupt to hinder, delay, or defraud his creditors. The bare circumstance that the debtor was insolvent and that the assignments were made to pre-existing creditors is not, in view of the code section (quoted above) permitting debtors to make assignments and to prefer creditors, sufficient to authorize the conclusion that the assignments were fraudulent. If in such circumstances the good faith of the bankrupt is in morals open to question, it is not so in law. Nor can we admit that the case is affected by the "sales-in-bulk law," as incorporated in sections 3226-3229 of the Civil Code of 1910. The contention of the plaintiff in error in this respect is based upon the following circumstance: The bankrupt claimed an exemption in his stock of merchandise. He prayed that the stock of goods be sold by the trustee in bankruptcy, and that he be allowed the proceeds of the sale in lieu of the stock. It is said that the assignment of the property in which the exemption was claimed, prior to the sale of the stock of merchandise, constituted a sale in bulk within the meaning of the "bulk-sales law." The statute can have no possible application to a sale of merchandise in bulk made by a trustee in bankruptcy, nor to a sale of merchandise in bulk under legal process. If the stock of goods itself had been set apart as exempt, it is difficult to see how the provisions of the "bulk-sales law" would apply. But that question is not before the court. From what we have said above it follows that the court did not err in refusing to appoint a receiver to take charge of the property set apart as exempt by the bankruptcy court, and in refusing to enjoin the bankrupt from receiving it. *Judgment affirmed. All the Justices concur.*