### In re ARNALL.

(District Court, N. D. Georgia. January 19, 1923.)

1. Bankruptcy ⟨key⟩400(2)—Court has no concern with disposition of homestead after setting apart.

The setting apart of homestead in bankruptcy divests a bankruptcy court of power to administer the property, and, after delivery to the bankrupt or other persons entitled thereto, its disposition is a matter of state law, and the bankruptcy court cannot concern itself any further with its disposition.

2. Bankruptcy ⟨key⟩399(3)—Exemption not denied because bankrupt has made preferential transfer to creditor since adjudication.

Under Bankruptcy Act, §§ 60a, 60b (Comp. St. § 9644), avoiding preferences made before adjudication and within four months prior to the filing of the petition, and section 70(a), being Comp. St. § 9654, excluding exempt property from that to which the trustee takes title, the bankrupt cannot be denied his right of exemption because after the adjudication he has conveyed exempt property to a creditor in payment of notes containing homestead waivers, thereby giving the creditor a preference.

3. Bankruptcy ⟨key⟩399(3)—Disposition of exempt property in violation of state laws is matter for state courts.

If the disposition by a bankrupt of exempt property before or after he receives it thwarts the intent of the state laws, the responsibility and the remedy therefor are with state tribunals.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of G. P. Arnall, bankrupt. On review of an order of the referee disallowing a claim · of exemption. Reversed, with directions.

W. G. Post, of Newnan, Ga., for petitioner.

Hall & Jones, of Newnan, Ga., for objecting creditor.

SIBLEY, District Judge. [1] June 27, 1922, Arnall was adjudicated a bankrupt on his voluntary petition in which he, as head of a family, claimed part of his property as an exemption. The next day he executed to his brother-in-law, G. O. Bailey, in payment of two notes containing homestead waivers, a conveyance of the property so claimed, the conveyance reciting the bankruptcy and the claim of exemption. Later the trustee set apart as exempt the property claimed. An unsecured creditor filed objections on the ground that the exemption was not claimed in good faith for the benefit of the bankrupt's family, but by collusion with Bailey and for the purpose of preferring him over other creditors. There is a dispute as to the exact testimony of the bankrupt in the hearing, but, in any view of it, it is plain that, while there was no antecedent agreement with Bailey about it, the effect of the transaction is to pay him a larger per cent. upon his debt than can be paid other creditors; this effect being known to and intended by Arnall and Bailey in the making of the conveyance. The referee refused to allow the exemption, following In re Herrin & West (D. C.) 215 Fed. 250, and In re Anderson (D. C.) 224 Fed. 790. Upon a similar case recently this court, without an examination of the authorities, held:

"The effect of setting apart a homestead in bankruptcy is to divest the bankruptcy court of power to administer the property. It is simply to be delivered to the bankrupt or other person having a right to it. The bankruptcy court cannot concern itself any further with its disposition. What may be done with it as a homestead exemption is a matter of state law. The state law of Georgia seems to be settled that the bankrupt may dispose of it as he sees fit."

The question has now been reconsidered, and the conclusion is adhered to. The holding as to the function of a court of bankruptcy in setting apart the exemption is supported by Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. That the effect of the exemption when set apart is regulated by state law is established by Eaton, Trustee, v. Boston Safe Deposit Co., 240 U. S. 427, 429, 36 Sup. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90, and by Peyton v. Farmers' National Bank (C. C. A.) 261 Fed. 326, and Libby v. Beverly (C. C. A.) 263 Fed. 63. That the disposition of the exemption here attempted was in accordance with the Georgia law is settled in Strickland Hardware Co. v. Fletcher, 152 Ga. 445, 110 S. E. 229. In Keel v. Lightbody, 255 Fed. 48, 166 C. C. A. 376, it does not appear whether the creditor to whom the bankrupt conveyed his exemption was one involved in the bankruptcy, but, after stating the state law, the court used this language touching his power to dispose of the exemption:

"It follows, therefore, that, as the equity was exempt from creditors' claims, no interest therein passed to the trustee in the bankruptcy proceedings. The

title remained in the bankrupt. His right to dispose of it was unrestricted. Whether he sold it, or gave it away, or granted it to one or more of his creditors, with or without a consideration, was a matter that did not in the slightest degree concern the trustee in bankruptcy or any creditor, inasmuch as under no circumstances had they or any of them any interest therein."

See, also, Sieg v. Greene, 225 Fed. 955, 141 C. C. A. 79, Ann. Cas. 1917C, 1006; First National Bank v. Lanz, 202 Fed. 117, 120 C. C. A. 271.

[2, 3] As pointed out in the cases relied on by the referee, it does seem that by what has happened the Bankruptcy Act (Comp. St. §§ 9585–9656) and the Georgia homestead laws have been so used as that a creditor has been preferred, contrary to the former, and the family not aided and protected, as intended by the latter. But a preference voidable under the Bankruptcy Act must by sections 60 (a) and 60 (b) have been given between the beginning of four months prior to the filing of the petition and the date of the adjudication, whereas this transaction occurred after the adjudication; and such a preference must affect property which the creditors are entitled to have administered as a part of the estate, while this relates expressly to property to be exempted and which was exempted; and which by section 70(a) is no part of the estate. Inequalities arising out of exemptions, whether accomplished by homestead waivers or transfers, seem unavoidable. If a transfer to a creditor be a preference and be avoided by the trustee, the bankrupt would nevertheless be entitled to his exemption. Bashinski v. Talbott, 119 Fed. 337, 56 C. C. A. 241; In re Falconer, 110 Fed. 111, 49 C. C. A. 50; First National Bank v. Lanz, 202 Fed. 117, 120, 120 C. C. A. 271. The bankruptcy court might refuse to recognize the preferred creditor in delivering over the exemption, but could not deprive the bankrupt of it. If a disposition by the bankrupt of the exempted property, either before or after he receives it, thwarts the intent of the state laws, the responsibility and the remedy therefor are with the state tribunals.

The judgment of the referee is reversed, and he is directed to confirm the trustee's report of the exempted property