JOHN F. ECKHARDT et al., Appellants, v. FRED HESS et al., Appellees.

**BANKRUPTCY:** Exempt Property—Procedure—Effect. The jurisdiction of the Federal bankruptcy court over the exempt property of the bankrupt extends no further than to enter an order setting off such property to the bankrupt. Irrespective of the proceedings in such court, the right to the exempt property, as between the owner and a mortgagee thereof, must be determined in the state court. (See Book of Anno., Vol. 1, Sec. 11760, Anno. 66; same case, Sec. 10155, Anno. 5.)

Headnote 1: 7 C. J. pp. 361, 363.

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

DECEMBER 15, 1925.

REPLEVIN to recover by mortgagors from the mortgagee and the sheriff for exempt property taken under foreclosure proceedings. One of the divisions of the reply was stricken out, and the plaintiffs appeal.—*Affirmed.*

*Baldwin & Fairchild,* for appellants.

*Wilson & Evans,* for appellees.

MORLING, J.—Plaintiffs gave to defendant bank a chattel mortgage covering exempt and nonexempt property. The husband owner afterwards went into bankruptcy, scheduling all the mortgaged property, exempt and nonexempt. The defendant bank filed a claim for its entire debt, as a partially secured creditor, setting out the chattel mortgage, and stating that the mortgage covered both exempt and nonexempt property, and claiming, in addition to its lien upon the exempt property, the establishment of a first lien upon the nonexempt property. Afterwards, the exempt property was set off to the bankrupt. Later, the nonexempt property was sold, free of liens, and the proceeds, amounting to a small dividend on the claim, were paid to the bank. The bankrupt filed in the bankruptcy court objections

to the jurisdiction of the referee to make any finding against his right to the exempt property, because it had been finally set off to him and the exempt property had passed out of the jurisdiction of the court. The bankrupt offered to withdraw his objections on the condition that the referee make an entry that the withdrawal be without prejudice to his rights to interpose the same objections to the claim against the exempt property at any time in any court. Later, the bankrupt was discharged from all provable debts other than those excepted from the operation of a discharge in bankruptcy. In his reply, plaintiff sets out these facts, and alleges that he filed with the referee objections to the allowance of the claim, and objected to the lien on the property for fraud; and that the claim was submitted to the bankruptcy court, and no objections were made to setting off the exempt property, and no petition to the bankruptcy court to retain jurisdiction of it was filed, but the exempt property, with the consent of the bank, was allowed to pass out of the jurisdiction of the bankruptcy court. Plaintiff claims that the bank therefore elected to pursue its remedy in the bankruptcy court, and waived its lien, and allowed the adjudication as to the exempt property to become final. The court struck out this defense.

The court in bankruptcy had no jurisdiction of the exempt property further than to set it off to the bankrupt; and when it was set off, the jurisdiction of that court terminated. The bankruptcy court could not concern itself further with claims to such property. Those claims would have to be determined in the state court, without reference to any action that was taken or any discharge granted in the bankruptcy court. *Birmingham Finance Co. v. Chisolm*, 284 Fed. 840; *Brown v. Four-In-One Coal Co.*, 286 Fed. 512; *In re Arnall*, 285 Fed. 654; *Peyton v. Farmers' Nat. Bank*, 261 Fed. 326. Therefore, the allegations stricken out are wholly insufficient as a plea of *res adjudicata*. Plaintiffs' contentions that the allegations show an election of remedies or splitting of causes of action or waiver by permitting the exempt property to pass out of the jurisdiction of the bankruptcy court are, we think, wholly untenable.

The order is—*Affirmed*.

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.