## In re McFRANCIS.

### No. 1935.

District Court, S. D. Texas, Houston Division.

March 9, 1938.

582

Cole, Patterson & Cole and S. Lieberman, all of Houston, Texas, for bankrupt.

Baker, Botts, Andrews & Wharton and J. C. Hutcheson, III, all of Houston, Tex., for trustee.

ERVIN, District Judge.

This case involves the construction of the Texas exemption statute which exempts to the head of a family "all tools, apparatus and books belonging to any trade or profession."

This statute was construed by the Texas Supreme Court in Willis v. Morris, 66 Tex. 628, 1 S.W. 799, 803, 59 Am. Rep. 634, where the court said: "Expensive and complicated machinery propelled by steam-power, or any power other than hand, is not exempt as 'tools of trade'; the latter phrase being held to apply only to simple instruments used by hand. Thomps.Homest. & Ex., § 756. The word 'apparatus' used in the statute may take a wider range, and embrace such minor machinery as may be operated by hand, and such as courts of high authority have held not to be included under the term 'tools,' as used in similar enactments."

This is the only interpretation I have found of this statute on this subject by the Supreme Court, and it has been cited and often discussed by other lower courts. There are only two of these decisions that I care to refer to.

First, Peyton v. Farmers' Nat. Bank, 5 Cir., 261 F. 326, 330, where Judge Grubb, speaking for the court, said: "Where hand power is used, the machinery is held to be 'tools or apparatus of trade;' but, where steam or any other power than hand is used, machinery so propelled is held not to be included within the statutory terms."

This was apparently said as the interpretation of Willis v. Morris. I think the conclusion of the Circuit Court of Appeals on the facts was correct. My criticism of the Peyton Case as a construction of the Morris Case is that it seems to hold that the *use* of some power other than hand is the test and not the susceptibility of the use of hand power in the operation of the machine.

In the first place, the court's opinion says minor machinery *may* be exempt as apparatus. In the second place, it was such minor machinery as *may* be operated by hand. (Italics mine.)

Here I think the court used "may be" in the sense of "can be," and not in the sense of "is being" or "has been" used.

If this be true, then the test as held in the Morris Case is, can such machinery be operated by hand, and that means regularly operated and not temporarily in an emergency.

We can readily conceive of some machinery being operated more advantageously by steam or electricity than by hand, and yet being susceptible of being operated by hand.

The fact that tools and apparatus were coupled together in the statute rather suggests that the same rules of construction should be applied, even when one of the terms is more comprehensive than the other. So that if tools must be hand tools, so, also, must apparatus be hand apparatus.

These were the methods used at the time of the passage of this statute, so they were the things in contemplation by the legislators as being exempt to the head of a family.

In Re Turrentine & Thompson, D.C., 6 F.Supp. 490, 491, Judge Wilson discusses this same question at length, and says, after calling attention to some of the Texas cases, that "the law is still in a nebulous state as to what kind of machinery propelled by steam or electric or any power other than hand, if any, is exempt as 'tools or apparatus of trade.'"

This is necessarily the case, for it must depend on many disputed facts, which will result in apparent contradictory rulings, and yet if we look to the facts and the result reached there is not as much contradiction as there appears to be.

In the instant case, it appears to me that the referee has denied the claim of exemption only to such machinery as is too bulky and unwieldy to be operated by hand.

Therefore, the exceptions to the referee's report will be overruled.