SOUTHLAND LOAN & INVESTMENT CO. *v.* ANDERSON.

No. 9700. FEBRUARY 24, 1934.

*Ezra E. Phillips,* for plaintiff.

*Branch & Howard* and *Bond Almand,* for defendant.

ATKINSON, J. The Southland Loan and Investment Company filed a petition alleging that N. A. Anderson was a resident of

Fulton County, Georgia, and was indebted to the plaintiff on a judgment, that he was insolvent, and that he was employed at a monthly salary of $170 by Danville & Western Railway Company, a foreign railroad corporation, owning no property in Georgia. The petition prayed for appointment of a receiver for defendant's earnings, that Anderson be enjoined from receiving his salary from his employer, and that he be required to pay the same over to the receiver. On general demurrer the case was dismissed.

A judgment does not bind a chose in action; and the judgment would constitute no lien upon money in the possession of the defendant, or upon wages in the possession of a non-resident. Civil Code, § 5948; *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865); *Norris* v. *Aikens,* 155 *Ga.* 488 (117 S. E. 248); *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (138 S. E. 223). "Creditors without lien can not, as a general rule, enjoin their debtors from disposing of property, nor obtain injunction or other extraordinary relief in equity." Civil Code, § 5495. In this State an assignment or pledge of any unearned wages or salary for the purpose of securing a loan of money shall be void. Civil Code, § 3465. The allegations of the petition do not show ground for the relief sought.

*Judgment affirmed. All the Justices concur.*