### TAYLOR COMPANY et al. v. WILLIAMS.

ATKINSON, J. 1. Where an insolvent person files a voluntary petition in bankruptcy, and prays that property be set apart to him as exempt under homestead laws of this State, and upon such petition is adjudged a bankrupt and a trustee in bankruptcy is appointed, who sets apart to the bankrupt property as prayed, and duly files his report thereof in the court of bankruptcy, to which no exception is filed, the bankrupt has an assignable interest in the property so set apart, and it is lawful for him to assign the property in good faith for application to pre-existing debts, although the assignment be made before expiration of the twenty days allowed under General Order No. 17 (Collier on Bankruptcy, 1067), within which to file exceptions.

2. In such a case, where creditors holding homestead-waiver notes of the bankrupt, relying on the validity of the homestead exemption, sought in a court of equity to enjoin the bankrupt from receiving the property so set apart and to have a receiver appointed, to the end that the property might be applied to the payment of the homestead-waiver notes, and on interlocutory hearing it appeared that the exempted property

had been assigned in the manner indicated in the preceding note, there was no error in denying the application for injunction and receiver.

Judgment affirmed. All the Justices concur.<br>MARCH 1, 1913.

Petition for injunction. Before Judge Hammond. Richmond superior court. April 9, 1912.

H. M. Holden and P. C. O'Gorman, for plaintiffs.

S. H. Myers and W. K. Miller, for defendant.