### BIRMINGHAM FINANCE CO. v. CHISOLM.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1922.)

No. 3939.

Bankruptcy ⬅️398(3)—Bankruptcy court without jurisdiction to determine claims against exempt property.

> Wages due a bankrupt, which are exempt under the laws of the state, and are claimed as exempt by the bankrupt, are no part of the bankrupt estate, and the court of bankruptcy is without jurisdiction to determine the validity of an assignment of an interest therein.

Petition to Review and Revise in Matter of Law from the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

In the matter of H. H. Chisolm, bankrupt. On petition by the Birmingham Finance Company to revise order of District Court. Reversed and remanded.

D. D. Trimble, of Birmingham, Ala., for petitioner.
David J. Davis, of Birmingham, Ala., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Chisolm filed a voluntary petition in bankruptcy on the 4th day of November, 1921, and was on the same day adjudged a bankrupt. His petition showed as his sole asset wages due to him by the Southern Railway Company for personal services amounting to $121.30, which he claimed exempt under the laws of the state of Alabama. On October 29, 1921, in consideration of $33, he had sold an undivided interest in said account amounting to $36.60 to the Birmingham Finance Company. On November 14th, he notified said railway company of said assignment. The agent of the company to whom the notice was given kept the same, and held back the check for said account in accordance with said notice.

On November 15th, the bankrupt filed a petition with the referee in bankruptcy, asserting that said assignment of wages was invalid, and asking that a rule be issued against the Birmingham Finance Company, requiring it to show cause on November 16th why it should not be re-

quired to withdraw said notice and to propound any claim it might have only in the court of bankruptcy in said proceedings. In response to said rule said Finance Company objected to the jurisdiction of the bankrupt court in a summary proceeding to make such order. The referee overruled said objection to jurisdiction, and on hearing the matter on its merits ruled that the Birmingham Finance Company had no valid assignment of the wages of the bankrupt, and made the rule nisi against the Birmingham Finance Company peremptory. On a petition for review the District Judge sustained the referee, and the matter is now before this court on petition to review and revise as matter of law.

In our opinion, the case is not one for decision in the bankrupt court at all. The claim of the bankrupt against the Southern Railway Company for wages is exempt under the laws of Alabama, and is claimed by him as exempt in the petition in bankruptcy. The wages are therefore not assets, the title to which passes to the bankrupt's trustee in bankruptcy. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The only jurisdiction which the bankrupt court has is to segregate, identify, and appraise what is claimed to be exempt, and to hear any controversies as to whether or not it is exempt, and perform such duties in regard to the exempt property as are prescribed by the Bankruptcy Act (Comp. St. §§ 9585–9656). Where it is alleged that by reason of a contract made before the bankruptcy the exempt property is subject to a debt or claim, that is not for decision by the bankrupt court, but should be left to be litigated between the bankrupt and the claimant in a court which would have jurisdiction thereof, had not bankruptcy occurred. Lockwood v. Exchange Bank, supra. In these assets the creditors have no interest. The only jurisdiction of the bankrupt court is to ascertain if they are subject to be exempted by the bankrupt, and, if so, to segregate, identify, and appraise them. It had no jurisdiction to adjudge the controversy between Chisolm and the Birmingham Finance Company arising out of the alleged assignment of an undivided interest in his account for wages, and should have declined to entertain the bankrupt's petition to require the Birmingham Finance Company to withdraw its notice to the Southern Railway Company and propound its claim to the fund only in the bankruptcy proceedings.

The petition to review and revise as matter of law is granted, the decree of the District Court is set aside, and the case remanded, with directions to the bankrupt court to dismiss said petition against the Birmingham Finance Company for want of jurisdiction.