### In re MARTIN BROS.

### Intervention of LUNN–SWEET & CO., Inc.

(District Court, N. D. Georgia. December 19, 1923.)

1. **Bankruptcy ⟨⟩399(1)—Bankrupt may withdraw exemption claim over creditor's objection.**

    A bankrupt may by an amendment of his schedules withdraw his claim for an exemption over the objection of a creditor who had homestead waivers.

2. **Bankruptcy ⟨⟩399(1)—Court will not aid transferee of homestead claim, where bankrupt withdraws claim.**

    Where bankrupt applied for a homestead exemption, but before receiving it withdrew his application, the court will not aid a creditor, having an alleged transfer of the homestead, in setting aside a sufficient amount to pay him, though the state statutes provide for a general homestead waiver.

3. **Bankruptcy ⟨⟩396(1)—Federal court must not alter state homestead laws.**

    Under Bankruptcy Act, § 6 (Comp. St. § 9590), a federal court must leave the state homestead laws unaffected.

4. **Homestead ⟨⟩51—Application prosecuted only by head of family or statutory beneficiaries.**

    No one can prosecute or compel the prosecution of a homestead application, except the head of a family or the statutory beneficiaries.

5. **Bankruptcy ⟨⟩398(3)—Conditions under which transfer of homestead operative stated.**

    Transfer to creditor of bankrupt's homestead exemption is necessarily operative only on the condition that such exemption is obtained by bankrupt, and then only as a lien or a contract to convey.

In Bankruptcy. In the matter of Martin Bros., bankrupts. On intervening petition of Lunn-Sweet & Co., Inc., to review a judgment of the referee. Judgment affirmed.

R. L. J. & S. J. Smith, Jr., of Commerce, Ga., for intervener.

Erwin, Erwin & Nix and S. C. Upson, all of Athens, Ga., for respondent.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SIBLEY, District Judge. Dink Martin and Vinus Martin, partners, were adjudicated bankrupts January 23, on a petition filed January 2, 1923. Each in his schedules claimed the homestead exemption of $1,-600 allowed by the Georgia laws to heads of families. Before these were set apart, each amended his schedules by renouncing the homestead. Thereupon Lunn-Sweet & Co. petitioned the court, setting up that they were holders of notes against the bankrupts for $1,113.40 principal, dated September 1, 1922, by the terms of which a sufficient amount of the exemptions to pay the same had been transferred to them, and they prayed that such amount be set aside and paid over to them. The notes are a printed form, which contains, besides the usual homestead waiver, these words:

"For and in consideration of the sum of one dollar and the further consideration of renewing our admitted indebtedness to the payee of this note, I or we jointly and severally transfer, assign, and convey to the owner of this note a sufficient amount of my or our homestead and exemption to pay this note in full, principal, interest, and attorney's fees, and costs. I or we hereby request and direct the trustee to deliver to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt."

The referee refused to entertain the petition and his ruling is under review.

[1] In Re Bowers (D. C.) 278 Fed. 681, affirmed as to reasoning and result under the name of McWhorter v. Barnes (C. C. A.) 283 Fed. 1022, it was held that a bankrupt might, by amendment of his schedules, withdraw his claim for an exemption over the objection of creditors who had homestead waivers, and who had obtained a receivership for the administration of the exempted property. Under recent decisions of the Supreme Court of Georgia, transfers of the exempted property, even when executed in advance of the application for the exemption in the bankruptcy court, have been held valid and enforceable. In Re Arnall, 285 Fed. 654, it was held in this court that it was not a valid objection to the exemption on the part of trustee or creditors that such a transfer had been made, they having no interest in the disposition the bankrupt might make of his exemption, and such disposition being controlled by the state law. It was there suggested, however, that the bankruptcy court might well refuse to deliver the homestead to any one save the homesteader himself, or his receiver.

[2, 3] In the present case the bankrupt applied for his exemption, but before receiving it, by amendment, withdrew his application; but a creditor, who had got what is claimed to be a transfer of the homestead prior to the bankruptcy, seeks to have a sufficient amount to pay him set apart notwithstanding. Under the Bowers Case, supra, the bankrupt has in general the right thus to renounce his exemption. To defeat the renunciation, this court is asked actively to enforce the alleged transfer. I shall not do so. The limit of recognition was reached in the Arnall Case, where the transfer was disregarded. The effect of enforcing it would be more than to leave the state homestead laws unaffected, as I am bound to do under Bankruptcy Act, § 6 (Comp. St. § 9590). The state statutes provide for a general waiver of the homestead right, but not for either a general or a special transfer of it.

294 F.—24

[4] No one in the state court could prosecute or compel the prosecution of a homestead application, save the head of the family or the statutory beneficiaries. A creditor holding a homestead waiver, or a transfer of a homestead right, could not. No more can he in a court of bankruptcy. Furthermore, to permit this creditor to force an exemption for his own benefit would not only ignore the beneficial purposes declared in the state laws, but would be for this court actively to prefer him to other creditors, contrary to the policy of the Bankruptcy Act. His paper does not purport to transfer any specified property as security; but, if it did, and although antedating the bankruptcy more than four months, for want of record and sufficient description of the property conveyed, it would fail. It seeks to appropriate a sufficiency of a possible future exemption.

[5] It is necessarily operative only upon condition that such an exemption is obtained by the bankrupt, and then only as a lien or a contract to convey. I feel much discontent at the settled Georgia doctrine that an exemption in bankruptcy is effectual to withdraw the property from the jurisdiction of the bankruptcy court, and operates as a homestead for the purpose of holding off then existing creditors, but is no homestead for any other purpose, and vests no interest in the family or other dependents, for whose benefit it was ordained by law and allowed by the court. It is regrettable that it has not been held to be the duty of the trustee in bankruptcy, after setting aside the exempted property, to hold it until the bankrupt should have homesteaded it in the state court, when its character and uses would have been fully and properly established and fixed under the state laws on the subject. Notwithstanding the ruling in Saul v. Bowers, 155 Ga. 450, 117 S. E. 86, upholding such a paper as that involved here as against a subsequent effort to transfer the exempted property to another, I think the bankruptcy court should properly refuse to recognize it as giving the holder any standing to force an exemption against the wish of the bankrupt.

The referee's judgment is affirmed.