### In re MARSCHALL.

#### MARSCHALL et al. v. CRAWFORD et al.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1924. Rehearing Denied February 20, 1924.)

#### No. 4135.

Bankruptcy ⬤=224, 293(1)—Referee and court have jurisdiction to determine adverse claim to homestead.

> Where land claimed by bankrupt as a homestead exemption was in his undisputed possession when the petition was filed, and was scheduled by him, and thus brought into the custody of the court, which by Bankruptcy Act, § 2 (11), being Comp. St. § 9586, was required to determine the claim to exemption, the referee and bankruptcy court have jurisdiction to determine the claim of an adverse claimant to the land.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of Matthias Marschall, bankrupt; Fred B. Noble, trustee. Petition by Cassie A. Marschall and Matthias Marschall to revise an order of the District Court (287 Fed. 187). Petition denied.

John W. Dodge, of Jacksonville, Fla., for petitioners.

A. W. Cockrell, Jr., Alston Cockrell, and Nathan Cockrell, all of Jacksonville, Fla., opposed.

Before WALKER and BRYAN, Circuit Judges, and ERVIN, District Judge.

ERVIN, District Judge. In this case Matthias Marschall filed a petition in bankruptcy, in which he scheduled some 230 acres of land, and claimed 160 acres of it as exempt, without segregating this 160 acres from the whole tract. Later an amendment was allowed to segregate the 160 acres claimed as exempt. Crawford et al. were scheduled as creditors, and they came in and filed with the referee a petition objecting to the allowance of any exemptions, and claimed all the lands shown by the schedule as having been conveyed to them by the bankrupt some time prior to the filing of the petition in bankruptcy.

Under the prayer of this petition a notice was issued to the wife of the bankrupt, who duly appeared and objected to the jurisdiction of the referee and of the court in the premises, and contends that the proceeding is a plenary one, and not a proceeding in bankruptcy. The wife never claimed any interest in the lands, except as the homestead of the husband, who had been in possession of them prior to and at the time of the filing of the bankruptcy proceedings. Crawford's petition

was filed November 23, 1921. On February 15, 1922, the trustee set apart the exemptions to the bankrupt, and this report was contested by Crawford before the referee, who sustained this contest and held that the property was that of Crawford et al. under the prior deeds to them by the bankrupt, and ordered them put in possession by the marshal of the court. This order was affirmed by the court.

It therefore clearly appears without dispute that there is no adverse possession of any part of the land claimed as exempt, but that it, being in the possession of the bankrupt, is brought into the custody of the court the same as all other property owned by him and in his possession. He having claimed it as exempt, the referee was called on to hear and pass upon such claim and such objections as might be filed thereto. Crawford did file objections, setting up a prior conveyance to him by the bankrupt, which, if true, deprived the bankrupt of all right to the property as exempt, just the same as any claim by any third party of any article of personalty scheduled would have done. Both the referee and the court were called on to pass upon and determine whether the property claimed as exempt was so in fact. If it was exempt, it should be set apart as such; if not exempt, but belonging to the bankrupt, then to deny the claim of exemption and administer it as part of the estate; if not exempt because belonging to claimant, then to deny exemption and order it delivered to claimant.

We are referred to the following case as holding this to be a plenary suit, of which the referee has no jurisdiction: Weidhorn v. Levy, 253 U. S. 268, 40 Sup. Ct. 534, 64 L. Ed. 898. That was a bill filed by the trustee before the referee against a third person, who held possession of property the trustee claimed should be administered by him. The court held the referee had no jurisdiction, but said:

"There may be controversies arising in the course of bankruptcy proceedings that are so far connected with those proceedings as to be in effect a part of them and capable of summary disposition by the referee under the general order of reference, although because of their nature or because involving a distinct and separable issue they may be reviewable, under the sections cited, by appeal rather than by petition to revise. Hewit v. Berlin Machine Works, 194 U. S. 296, 300; Knapp v. Milwaukee Trust Co., 216 U. S. 545, 553. Thus, if the property were in the custody of the bankruptcy court or its officer, any controversy raised by an adverse claimant setting up a title to or lien upon it might be determined on summary proceedings in the bankruptcy court, and would fall within the jurisdiction of the referee. White v. Schloerb, 178 U. S. 542, 546; Mueller v. Nugent, 184 U. S. 1, 13. But in the present instance the controversy related to property not in the possession or control of the court or of the bankrupt, or any one representing him at the time of petition filed, and not in the court's custody at the time of the controversy, but in the actual possession of the bankrupt's brother under an adverse claim of ownership based upon conveyances made more than four months before the institution of the proceedings in bankruptcy."

Here, as shown, the property was in the actual possession of the bankrupt, if not in the custody of the court, and under no adverse claim of any one. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157; Mound Mines Co. v. Hawthorne, 173 Fed. 882, 97 C. C. A. 394.

The petition is denied.