CITIZENS BANK & TRUST CO. *et al. v.* PENDERGRASS BANKING CO.

HINES, J. 1. A judgment against a partner is not a lien upon his individual interest in the firm property, and such interest is not liable to levy and sale under execution upon such judgment, even after dissolution, but must be reached by process of garnishment. *Willis* v. *Henderson,* 43 *Ga.* 325; *Anderson* v. *Cheney,* 51 *Ga.* 372; *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (4) (35 S. E. 347); Civil Code (1910), § 3190.

2. The waiver of all homestead and exemption rights in the note upon which the judgment in favor of Pendergrass Banking Company was based did not give to the bank a right and title to the homestead exemption. *Norris* v. *Aikens,* 155 *Ga.* 488 (117 S. E. 248).

3. Choses in action are not liable to be seized and sold under execution, unless made so specially by statute. Civil Code (1910), § 5948. The right of a partner to a homestead exemption out of the property of his firm is a chose in action; and the assignment of such chose in action by the partner, before the institution of a collateral proceeding or a garnishment, passes to the assignee the property in the chose in action assigned, free from the lien of a general judgment previously rendered against the assignor. *Fidelity &c. Co.* v. *Exchange Bank,* 100 *Ga.* 619 (28 S. E. 393); *Armour Packing Co.* v. *Wynn,* 119 *Ga.* 683 (46 S. E. 865); *Norris* v. *Aikens,* supra; *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38 (122 S. E. 692).

4. The right to a homestead or exemption can be transferred and assigned before the assignor is adjudged a bankrupt, or before bankruptcy proceedings are instituted. *Saul* v. *Bowers,* 155 *Ga.* 450 (117 S. E. 86).

5. The assignment of a homestead exemption having been made prior to

Bankruptcy, 7 C. J. p. 397, n. 96.
Executions, 23 C. J. p. 326, n. 10.
Exemptions, 25 C. J. p. 106, n. 17; p. 109, n. 74.
Garnishment, 28 C. J. p. 99, n. 27, 32.
Homesteads, 29 C. J. p. 784, n. 31; p. 883, n. 98; p. 920, n. 44; p. 956, n. 54 New.
Judgments, 34 C. J. p. 598, n. 26.
Partnership, 30 Cyc. p. 599, n. 87.

the discharge of the bankrupt, in payment of a note in favor of the assignee, containing a waiver of all rights to homestead and exemption, there was a sufficient consideration for such assignment, and the same was not rendered nugatory by the subsequent discharge of the bankrupt. Such discharge would bar the assignee from any further enforcement of the note against the assignor, but would not debar the assignee from asserting his title to the homestead exemption under the assignment.

6. Applying the above principles, the court below erred in not granting a new trial.　　　　　　*Judgment reversed. All the Justices concur.*

No. 5674. MAY 7, 1927.

Equitable petition. Before Judge Stark. Jackson superior court. September 25, 1926.

R. J. Hartley & Son was a firm composed of R. J. Hartley and G. G. Hartley. This firm was indebted to the Citizens Bank & Trust Company by note containing a waiver of all homestead and exemption rights. On April 12, 1921, R. J. Hartley, by writing, assigned and transferred to the Citizens Bank & Trust Company and to H. O. Langford all the exemption property claimed by him from the assets of the bankrupt firm, as a married man and head of a family. On April 23, 1921, that firm and the individual members thereof were adjudged bankrupts. On April 30, 1921, the Citizens Bank & Trust Company filed its petition against said firm and the members thereof, in which it alleged that said firm and its members had been adjudged bankrupts, that the members thereof had each claimed in their schedule an exemption in the amount of $1600, and that petitioner was the holder of the note of said firm. Petitioner prayed for the appointment of a receiver to apply to the bankrupt court for said exemption; that the receiver hold the same for petitioner and all other creditors similarly situated; and for judgment on said note against said exempted property. The defendants consented that a receiver be appointed, and that their exemptions be turned over to him. A receiver was appointed. By an amendment petitioner alleged that said transfer and assignment by R. J. Hartley of all his rights and title in and to the homestead exemption claimed by him conveyed to it and H. O. Langford the title to said property, and that they are entitled to receive the same from the receiver.

On June 3, 1921, the Pendergrass Banking Company filed its petition against R. J. Hartley, in which it made these allegations: R. J. Hartley was indebted to it in the sum of $2500, on a note containing a waiver of all homestead and exemption rights,

on which it had obtained judgment on March 16, 1921, in the city court of Jefferson. On April 23, 1921, R. J. Hartley was adjudged a bankrupt, and applied for a homestead exemption of $1600 in money to be set apart out of the assets of R. J. Hartley & Son. On May 7, 1921, the trustee in bankruptcy had reduced the assets of said bankrupt to cash, and had set aside to R. J. Hartley said $1600 as a homestead, and, at the expiration of twenty days, would deliver the same to him unless restrained. By virtue of the waiver of homestead in its note, petitioner was entitled to said $1600. The judgment obtained by it against Hartley is a lien on said money. If Hartley should be allowed to obtain his discharge before judgment in this case, he would plead said discharge, and, whether he could defeat petitioner's claim or not, would produce an unnecessary issue. Petitioner is entitled to a judgment in rem against the $1600, and in the meantime is entitled to enjoin Hartley from applying for a discharge, and the trustee from paying over said money to him. Petitioner prayed that the trustee in bankruptcy be enjoined from paying over the homestead money to Hartley, that a receiver be appointed to take charge of the same, that Hartley be enjoined from applying for a discharge until the final judgment in this case distributing the $1600, and that judgment be rendered directing the payment of said $1600 as a credit on its debt. A rule nisi issued on said petition; and in answer thereto R. J. Hartley made, among others, these allegations: The judgment obtained on plaintiff's note was obtained on March 16, 1921, at which time he was insolvent. On April 1, 1921, a petition was filed by creditors for his adjudication as a bankrupt, on which he was adjudged a bankrupt. Said petition, having been filed within four months after the rendition of said judgment, was null and void under section 67 of the bankruptcy act and should be vacated by an order of this court. He so prayed.

The petition of the Citizens Bank & Trust Company and that of the Pendergrass Banking Company were consolidated. In his answer to the consolidated petition R. J. Hartley made these allegations: He admitted that the Pendergrass Banking Company obtained its judgment against him. On the date thereof he was insolvent within the meaning of sections 1 and 67 of the bankruptcy act, and under section 67 said judgment was nullified by

his adjudication as a bankrupt. An involuntary petition in bankruptcy was filed against R. J. Hartley & Son, and said firm and its members were adjudicated bankrupts on April 23, 1921. In said bankruptcy matter he claimed out of the assets of the bankrupt firm an exemption of $1600, which was by the referee duly allowed as a cash exemption, out of which, after paying costs and priorities, $466.91 was paid over to the receiver appointed by this court to impound the same, upon the petition of the Citizens Bank & Trust Company, and said sum is held by the receiver subject to the order of this court. After the filing of said bankruptcy proceeding, respondent, on April 12, 1921, assigned by writing said exemption property claimed by him to the Citizens Bank & Trust Company and to H. O. Langford on their respective debts of $1200 and $300. Said assignment conveyed all his right, title, and interest in said exemption property, and said fund of $466.91 belongs to said assignees. On August 27, 1921, R. J. Hartley & Son as a firm, and its members individually, were granted discharges in bankruptcy.

The consolidated case came on for trial. The following documentary evidence was introduced: The note signed by R. J. Hartley & Son and indorsed by R. J. Hartley and G. G. Hartley, payable to the order of Citizens Bank & Trust Company. The written assignment from R. J. Hartley to Citizens Bank & Trust Company and to H. O. Langford of his homestead exemption in the bankrupt firm of R. J. Hartley & Son, dated April 12, 1921. The discharge of R. J. Hartley as a bankrupt, dated October 1, 1921. A copy of the judgment from the city court of Jefferson in favor of Pendergrass Banking Company against R. J. Hartley. Also the note on which said judgment was obtained, containing a waiver of all homestead and exemption rights.

The court directed a verdict in favor of Pendergrass Banking Company. The Citizens Bank & Trust Company and H. O. Langford made a motion for new trial, upon the general grounds; and by amendment added the following grounds: (1) The court erred in holding that the judgment obtained by the Pendergrass Banking Company within four months of the filing of the petition in bankruptcy against R. J. Hartley, and while he was insolvent, was not void under section 67 of the bankruptcy act. (2) The court erred in holding that the lien of the judgment of the Pendergrass

Banking Company against R. J. Hartley individually became a lien on the assets of R. J. Hartley & Son, out of which an exemption to R. J. Hartley had been set aside, and which had been assigned by Hartley to movants. (3) The judgment was not a lien on the chose in action, which was the right of R. J. Hartley to have set apart to him out of the firm's property an exemption, and which was set apart in money, the proceeds of the sale of the firm property, before any steps were taken to enforce the judgment on R. J. Hartley's share in the firm's property. (4) By the express provisions of section 67 of the bankruptcy act, the Pendergrass Banking Company could not proceed by garnishment against R. J. Hartley when he was insolvent, and after the filing of the petition in bankruptcy, and, not having a lien on the firm property without the aid of garnishment, the judgment not being a lien on the firm property, it was error to hold that the judgment took priority over the assignment to the Citizens Bank & Trust Company and to Langford. (5) After insolvency of a firm, the law of Georgia provides that the firm assets shall be paid over on the claims of the firm's creditors, to the exclusion of individual creditors; and movants, as firm creditors of R. J. Hartley & Son, out of whose assets the fund in court came, are entitled to priority of payment over the claim of Pendergrass Banking Company, which is an individual creditor of R. J. Hartley, and not of the firm. It was error for the court to direct a verdict in its favor. (6) R. J. Hartley, as a member of said firm, had the right, out of the firm assets, to prefer movants, who were creditors of said firm, by assigning to them on their claims against said firm the exemption property he claimed out of the same. The court overruled the motion for new trial, and the movants excepted.

*Stephen C. Upson*, for plaintiffs.

*John J. Strickland, Rupert A. Brown, G. W. Westmoreland*, and *H. W. Davis*, for defendant.