## MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
### *v.* HIRSCH, executrix, *et al.*

JENKINS, Justice. 1. "The right to a homestead or exemption" is an interest which in good faith "can be transferred or assigned before the assignor is adjudged a bankrupt." *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (4) (138 S. E. 223); *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445 (110 S. E. 229); *Saul* v. *Bowers,* 155 *Ga.* 450, 453 (117 S. E. 86), and cit.

2. A mere waiver of homestead or exemption contained in a note or other obligation in favor of a creditor does not give him any title, right, or lien, equitable or otherwise, on property of the debtor subsequently set apart to him in bankruptcy as exempt, such as would invalidate or defeat a valid assignment of such homestead or exemption subsequently to such waiver and prior to the bankruptcy. *Morris Fertilizer Co.* v. *White,* 158 *Ga.* 38, 41 (122 S. E. 692), and cit.; *Norris* v. *Aikens,* 155 *Ga.* 488 (117 S. E. 248); *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561); *Bowen* v. *Keller,* 130 *Ga.* 31, 34 (60 S. E. 174, 124 Am. St. R. 164). Accordingly, even though the general lien of a landlord under the Code, §§ 61-203, 61-204, levied within four months before bankruptcy on the tenant's property, is not invalidated by section 67-f of the bankruptcy act (Henderson *v.* Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. ed. 1233; *White* v. *Idelson,* 38 *Ga. App.* 612, 144 S. E. 802), and even though, as in this case, such a valid lien levied upon property is coupled with a waiver of homestead and exemption in the lease executed by the tenant, an assignment of the exemption, made to another creditor of the tenant after the date of the lease and waiver in favor of the landlord, but before the date of the landlord's levy, will prevail in a contest between the landlord and such creditor. See *Taylor* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386). Since the instant assignment antedated the levy of the distress warrant, this ruling is not in conflict with that in *Rosenthal* v. *Langley,* 180 *Ga.* 253 (179 S. E. 383), that "a judgment rendered within four months prior to an adjudication in bankruptcy, duly filed and recorded, and based on a homestead-waiver note, is a lien upon the homestead of the bankrupt, superior to a *subsequent* conveyance of the homestead" (italics ours), and "superior to the rights of holders of homestead-waiver notes which

ha've not been reduced to judgment." As to the proper procedure by a homestead-waiver creditor in obtaining judgment against the exempted property, and a's to the validity of such a judgment, see *McKenney* v. *Cheney*, 118 *Ga.* 387, 393 (45 S. E. 433); *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150); *Coker* v. *Utter*, 152 *Ga.* 157 (108 S. E. 538); Lockwood *v.* Exchange Bank, 190 U. S. 294 (23 Sup. Ct. 751, 47 L. ed. 1061). Nor is the absence of notice to the landlord as to the existence of the unrecorded a'ssignment of the exemption until after his levy material; since even if, as contended, an assignment of an exemption to secure a debt is in effect a bill of sale to secure debt, the case would not be controlled by the rules governing the decision in *Butler* v. *LaGrange Grocery Co.*, 29 *Ga. App.* 612 (116 S. E. 213), under which a landlord's general lien was held superior to an unrecorded bill of sale to secure debt. The law then existing has been modified by the act of August 27, 1931 (Ga. L. 1931, p. 153; Code, §§ 67-109, 67-1305), which now provides that the effect of a failure to record a mortgage or bill of sale to secure debt "shall be the same as is the effect of failure to record a deed of bargain and sale," so as to render such unrecorded instruments superior in rank to liens created by law. See citations, *Evans Motors of Ga. Inc.* v. *Hearn*, 53 *Ga. App.* 703 (186 S. E. 751).

3. The court did not err in holding that the assignment creditor was entitled to the proceeds of the exempted property.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

No. 11844. June 18, 1937. Adhered to on rehearing, July 21, 1937.

*J. Walter Ma'son,* for plaintiff in error.
*Albert E. Mayer* and *Albert G. Callaway,* contra.