LYLE *v.* ROSWELL STORE INCORPORATED *et al.*

No. 12473. NOVEMBER 25, 1938. REHEARING DENIED DECEMBER 8, 1938.

*Robert B. Blackburn,* for plaintiff in error.
*R. B. Pullen, G. B. Walker,* and *H. E. Edwards,* contra.

ATKINSON, Presiding Justice. 1. "The right to a homestead or exemption" is an interest which in good faith "can be transferred and assigned before the assignor is adjudged a bankrupt." *Citizens Bank & Trust Co.* v. *Pendergrass Banking Co.,* 164 *Ga.* 302 (4) (138 S. E. 223) ; *Strickland Hardware Co.* v. *Fletcher,* 152 *Ga.* 445 (110 S. E. 229) ; *Saul* v. *Bowers,* 155 *Ga.* 450, 453 (117 S.

E. 86), and cit.; *Massachusetts Mutual Life Insurance Co.* v. *Hirsch,* 184 *Ga.* 636 (192 S. E. 435).

(*a*) Such a transfer or assignment may be accomplished by a provision in a promissory note.

(*b*) When the property is set apart as exempt, the court of bankruptcy exhausts its jurisdiction over the property, and it remains the property of the bankrupt, unaffected by the bankruptcy proceedings. *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150) ; *Saul* v. *Bowers,* supra. Accordingly, his assignment thereof, whether before he is adjudged a bankrupt (*Massachusetts Mutual Life Insurance Co.* v. *Hirsch,* supra) or pending the bankruptcy proceedings, will be unaffected by such proceedings. *Taylor* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386).

2. Where a creditor holds a note containing a waiver of homestead exemption and assignment of property that might be set apart to the bankrupt under his claim of exemption under the homestead laws of the State, equity may afford him a remedy by injunction to prevent the bankrupt from receiving property that may be set apart on his claim of homestead exemption, and appointment of a receiver to apply to the court of bankruptcy for possession of the property to be administered by the court of equity, as necessary to collection of the debt. An equitable proceeding of the character mentioned, instituted after filing of the petition in bankruptcy and before the property is set apart, is not premature on the ground that it is an unauthorized interference with the jurisdiction of the court of bankruptcy.

3. If at the interlocutory hearing of the petition for injunction and receiver and the intervention of Robinson, which had been allowed, the plaintiff in the original petition (Roswell Store Inc.) announced to the court that it "had made settlement with the defendant, and it would offer no evidence, . . and desired the court to dismiss the original bill with costs against the plaintiff," and thereupon the court stated that he "would hear from the other parties at interest, and would reserve its opinion until a later day," it was not erroneous, in subsequently passing on the case, to overrule the motion to dismiss the original petition on which the intervention was predicated.

4. The property set apart by the court of bankruptcy on the claim of homestead exemption was: "Equity in the undivided real

estate estimated as of the value of $250.00; household goods, etc., of the value of $100.00; equity in houses, cows, farming stock and implements, $175.00." The principal of the debt to the intervenor was $100. The judge ruled: "The injunction and receiver heretofore granted are continued, except as same applies to $300 worth of household and kitchen furniture, wearing apparel, and provisions, to be valued by the receiver herein; provided, however, that the defendant shall be permitted to continue to farm the lands involved and to use the live stock and tools involved, necessary therein for the current year, as tenant of the receiver, and to pay to the receiver the usual one fourth of all the cotton and seed and one third of all other crops, less a like in proportion of commercial fertilizers used by defendant in making said respective crops. Provided further, that the defendant may dissolve this restraining order and receivership by making and filing with the clerk of this court a good and sufficient surety to be approved by the clerk of this court, conditioned to pay the intervenor the eventual condemnation-money, that is, the full amount of judgment and costs and expenses that may be finally recovered by intervenor in this proceeding, whether in personam or in rem, within ten days from this date." The foregoing part of the judgment was not erroneous, as contended, on the following alleged grounds: (a) That at the time of the judgment the United States district court had refused to appoint a trustee, and the exempted property had never been out of possession of the defendant. (b) That the appointment of a receiver was not authorized by the evidence, and as matter of law was not essential for preservation of any property right in the plaintiff or the intervenor, and was an abuse of discretion. (c) That the order allowing defendant to give bond to respond to plaintiff intervenor, "in personam and in rem," as a condition to revoking the injunction order and appointment of a receiver, imposed terms that were contrary to law and the evidence, because the defendant, being in bankruptcy, could not be required to answer personally.

5. On application of the principles stated in the first and second paragraphs, the judge did not, for any reason assigned and argued in the brief of the attorney for the plaintiff in error, err in overruling the general demurrers to the petition and to the petition for

intervention as amended, or in granting the temporary injunction and appointing a receiver.

Judgment affirmed. All the Justices concur.