LEITER et al. v. STEINBACH et al.
STEINBACH et al. v. LEITER et al.
No. 13006.

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1950.

Ben T. Beasley, Jr., Sidney T. Schell, Atlanta, Ga., for appellant and cross-appellees.

Joel R. Parker, Benjamin M. Parker, and R. Emerson Gardner, Atlanta, Ga., for appellee and cross-appellants.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The question presented by this appeal, dispositive of the case without regard to other subordinate questions raised, concerns the power of a Court of Bankruptcy, under the circumstances of this case, to determine the validity, priority and effect of an assignment of homestead exemption executed by the bankrupt as a part of a note evidencing indebtedness, and to adjudge delivery of the property to the creditor, when the contest is solely between the bankrupt and such creditor, and when the trustee in bankruptcy who has set aside the claimed exemption expressly disclaims any interest therein on behalf of the general creditors. In his schedule the bankrupt designated certain property as his exemption, its aggregate value being slightly less than the sixteen hundred dollars allowed by the laws of Georgia. The trustee duly approved and reported the claim, and thereupon appellees filed their claim to the property predicated upon the transfer and assignment evidenced in notes held by them.[1] They claimed title to, and the ownership of, any property set apart and designated as exempt and prayed that they be allowed to intervene and claim title to such property and "upon the hearing hereof it be determined that your petitioners are entitled to the scheduled, pointed out and designated exempt property." The bankrupt responded by a motion to set aside the intervention and claim of title, asserting among other defenses, that by reason of usurious interest paid and other payments, the note had been paid and discharged, and further moved to

1. "Each of us, whether principal, surety, guarantor, endorser or other party hereto, hereby severally waives and renounces each for himself and family, any and all homestead or exemption rights any one of us may have [under] or by virtue of the Constitution and laws of Georgia, any other state, or the United States, as against this debt or any renewal thereof; and the undersigned, as well as all sureties, endorsers, guarantors, or other parties to this note, jointly and severally transfer, convey and assign to the payee or holder of this note a sufficient amount of any homestead or exemption that may be allowed to any one of us, including such homestead or exemption as may be set apart in bankruptcy, to pay this note in full, with all costs of collection; and each of us hereby directs the Trustee in Bankruptcy, Receiver or other person having possession of such homestead or exemption to deliver to the payee or holder of this note a sufficient amount of property or money set apart as exempt to pay off the indebtedness evidenced hereby; and each of us further waives, demand, protest and notice of demand, protest and non-payment."

dismiss the claim upon the ground "that the bankruptcy court has no jurisdiction over exempted property and no authority to administer the same." The referee overruled the motion on the authority of Kronstadt v. Citizens & Southern Nat. Bank of Savannah, 5 Cir., 80 F.2d 260, and thereafter upon a hearing determined that the plea of payment and other defenses to the claim were unsupported, and directed that the trustee deliver the exempt property to the claimants. Upon the hearing of a petition for review, the report of which is in the record, the District Judge in numerous instances expressed doubt of the jurisdiction of the Court, but upon consideration of the matter determined, as had the referee, that "so far as this circuit is concerned" the Kronstadt case, supra, was controlling as to the $1600.00 homestead, but that the $300.00 homestead could not be waived or assigned, and thereupon with this omitted, directed the balance turned over by the trustee to the claimant. We have concluded that the Court erred in determining the contesting claims of the bankrupt and the claimant to the admittedly exempt property, and therefore the subordinate question of the effectiveness of the waiver of the smaller homestead is not now involved.

While it would be fruitless, if indeed not impossible, to define the precise extent of the jurisdiction of a bankruptcy court with reference to questions arising upon the setting apart of exempt property, or of claims arising in connection with the exercise of this branch of such court's jurisdiction, it seems clear that at least since the decision in Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, no authoritative decision has questioned the proposition that after the designated property has been set apart and the question of its exemption *vel non* determined, the bankruptcy court thereafter has no power to distribute the *exemption* by adjudicating contests between the bankrupt and his creditors which involve, solely, the ownership of the aggregate exemption, as such.[2]

The well established Georgia law which permits the sale or assignment of exempt property (as distinguished from a general waiver of exemption rights), does not change the matter. This is so because the exemption and exempt property which has been assigned is determinable only after the final determination of its specific existence. Therefore a creditor, such as the appellees, have no claim enforceable definitely upon specific assets until the exemption has been declared and perfected. However, this very act of the bankruptcy court, essential to the perfection of the creditors claim, is the final act within the jurisdiction of the bankruptcy court, and consequently any contest as to whom the exempt property should be awarded has then passed beyond the power of the court of bankruptcy, and for the enforcement of the assignment the creditor is relegated to a court of competent jurisdiction. This proposition is so clearly established by the language and plan of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., as to render further argument in support thereof unnecessary, but in passing we may nevertheless call attention to the consequences of a contrary holding. In the event there were numerous creditors holding similar assignments, with conflicting claims as to priority, and indeed existence of assignments, dependent in each case on whether the indebtedness which the assignment was given to secure had in fact been paid, a bankruptcy court would find itself enmeshed in the determination of questions with which it is in no wise concerned, its proper function having been discharged upon the determination and setting apart of the exemption claimed by the bankrupt.

Review of the Kronstadt case discloses that the question of whether the bankruptcy court may adjudicate the existence or effectiveness of the assignment in a contest between the bankrupt and a creditor, which arises only after the property has been declared exempt, was not there presented. The ruling in that case related[1] squarely to the final setting aside of the

2. Statement of the universal rule and numerous authorities in support there- of are contained in Collier on Bankruptcy, 14th Ed. page 805, et seq.

exemption,—a matter of course within the jurisdiction of the bankruptcy court. The claim of the trustee in bankruptcy, bottomed upon the attempted renunciation of the exemption, which had been assigned to the creditor, furnished the nexus for the exercise of the jurisdiction of the bankruptcy court to determine whether the property in question had become by the renunciation, assets for distribution to general creditors, or whether the renunciation should be declared ineffective and the property set apart as exempt as claimed by the creditor. No question was there presented as to the lack of power of a bankruptcy court to settle contests between the *bankrupt* and the *claimant* as to the title to the exemption. The bankruptcy trustee apparently relied solely upon the renunciation of the exemption, originally claimed by the bankrupt, and there was no attack upon the power of the bankruptcy court to award the property to the claimant in the event the renunciation was determined to be ineffective. In Re Marschall, 5 Cir., 296 F. 685, also relied upon by the appellees, the ruling relates to the duty and jurisdiction of the bankruptcy court to determine the question of exemption when it was asserted that the bankrupt was not entitled to the exemption because he was not the owner of the property. Both of these rulings are correct, but neither reach the question here involved on the precise question of the power of the bankruptcy court to determine questions of the existence and effect of the assignment of exempt property, as such. We reiterate, in the present case in no event could the claim of the assignee-creditor arise until the exemption *had been set aside*. When challenged in a proceeding exclusively between the bankrupt and assignee, we find the rule in this Circuit to be no different from that referred to above as generally prevailing. Proper application of the rule denies the jurisdiction of the bankruptcy court to adjudicate questions of ownership of the exemption when based upon opposing claims which of necessity could arise only after the exemption had been set apart by the bankruptcy court.

The District Judge therefore erred in failing to sustain the motion to dismiss the claim of the intervening assignees.

The appellants also complain that the Court erred in taxing the expenses of storage of the exempt articles against the articles, the effect of which will be to diminish the amount of the exemption. This assignment does not properly reflect the action of the Court. After awarding the property to the claimants, the Court directed that they pay the costs of storage before receiving delivery. Therefore, under our ruling that the order directing delivery was erroneous, the question of costs is not now properly before us, and as to this part of the case we shall not anticipate that in carrying out the mandate of this Court upon reversal that the Court will tax such storage expenses other than in accordance with law.

The judgment of the trial Court is reversed and the cause remanded with direction to dismiss the intervention and the claim of the appellees.

Judgment reversed.

HUTCHESON, Chief Judge (concurring specially).

I agree with the conclusion of the main opinion that under the circumstances of this case the court below erred in taking jurisdiction of, and adjudicating, the complicated issues tried below.

With the premise, however, on which that conclusion was based, that the court was without power to do so, I emphatically disagree.

While, therefore, I concur in the judgment ordered, I feel that I should make plain that I do not do so because the power of the court over the property was exhausted with the setting aside of the exemption to the bankrupt. I do it only because I am of the opinion that, declining to concern itself with the litigation of the complicated question presented, the court, in the exercise of a sound discretion, should have remitted the parties to the state court for the determination of the matters to be litigated.

I am not in any doubt that, where there are no complicated issues for determination, the bankruptcy courts in Georgia have the power to, and should, on the application of an assignee of a homestead exemption, order the property turned over to him rather than, because of a supposed want of power to do otherwise, ordering it turned over to the bankrupt for state court litigation.

As carefully pointed out in the Kronstadt case, cited in the majority opinion, the Lockwood case, relied on by the majority for its holding of want of power, did not deal with the question presented here. It dealt with a claim of the holder of a waiver agreement which could be enforced only upon the theory that, because of the waiver, the property, claimed as exempt, constituted a part of the assets of the estate and was, therefore, subject to his claim as a creditor to it.

The court there correctly held, and this is all that it did hold, "such exempted property constitutes no part of the assets in bankruptcy. The agreement of the bankrupt in any particular case to waive the right to the exemption makes no difference".

With deference, the court in the Lockwood case, did not hold, it could not have held as the question was not before it, as was suggested in the majority opinion, that "after the designated property has been set apart and the question of its exemption *vel non* determined, the bankruptcy court thereafter has no power to distribute the exemption by adjudicating contests between the bankrupt and his creditors which involve, solely, the ownership of the aggregate exemption, as such."

Throughout the Lockwood opinion, and in all of the cases and text books citing and following it, it is made clear that what the court held in Lockwood's case was that the bankrupt court has no power to administer exempt property as "assets of the bankrupt estate subject to administration." [190 U.S. 294, 23 S.Ct. 753.]

Our case, In re Marschall, 5 Cir., 296 F. 685, 686, while not precisely in point on its facts, plainly and unequivocally holds that property in possession of the bankrupt claimed by him as exempt "is brought into the custody of the court the same as all other property owned by him and in his possession", and that where there is a controversy over its ownership, the bankruptcy court has the power, as distinguished from the duty, to determine whether it should be delivered to the bankrupt or to the person claiming title under him.

There may, there most probably will, be many cases arising in Georgia in which there is no substantial controversy between the assignee of the homestead exemption and the bankrupt as to the validity of the assignment and the rights of the assignee under it. Because this is so, I am unwilling to agree to the view that in all such instances the bankruptcy court for want of power must, declining to order the exempt property turned over to the assignee, remit the parties to the state court. I think it can, and should, in such circumstances settle the matter in a summary way by ordering the exempt property delivered to the creditor assignee, thereby determining the credit to be allowed against his general claim against the estate and thus expediting its winding up.

In situations where, as here, there are complicated defenses to the assignee's claim, or where, as supposed in the majority opinion, there are numerous creditors holding conflicting claims, the bankruptcy court ought not to take on the determination of these questions, not, however, because of a want of power but because it ought not to commit its resources to, or dissipate its energies in, doing so.

To hold, as the majority opinion does, that there is a complete want of power in the bankruptcy court to make the simple adjudication necessary in bringing most of these controversies to an end is, in my opinion, to confuse power with expediency and thus to unduly hamstring and cripple simple bankruptcy administration in Georgia.