**NOVAK et al. v. O'NEAL.**

**No. 14000.**

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Abraham J. Walcoff, Atlanta, Ga., for appellant.

No appearance for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal brings for review the ruling of the Court below which denied the claim and petition of two creditors of a bankrupt, Leonard Furst, to have set aside to such bankrupt the exemption authorized by the laws of Georgia and that such exemption be delivered to the petitioners in discharge and satisfaction of promissory notes held by them which contained an assignment of the bankrupt's homestead and exemption. In his petition,[1] Furst originally claimed as a homestead exemption under Section 51–101 of the Code of Georgia, wearing apparel valued at $150, and money represented by the cash surrender value of an insurance policy, cash in bank, and the proceeds of sale of an adding machine, totaling $159.87, the entire claim thus being $309.87. Jack Novak, one of the appellants herein, filed his proof of claim as a creditor upon a note of Furst in the face amount of $1,000, and the other appellant, Merchants Mutual Credit Corporation, filed a like proof of claim as a creditor upon a note in the face amount of $1,200, executed to it by Furst subsequent to the Novak note. The Novak note contained an assignment of the bankrupt's homestead and exemption and the language appointing, "in case of bankruptcy", the holder of the note as attorney in fact for the bankrupt to "claim any and all homestead exemptions allowed by law." This note also, as did that of Merchants, contained a transfer and assignment to the owner of the note of a sufficient amount of the bankrupt's homestead and exemption to pay the note in full and also a request and direction to "the trustee to deliver and convey to the owner of this note a sufficient amount of property or money claimed as exempt to pay off the amount so allowed on this debt."

1. This petition was filed by Furst and another, his partner, both as individuals and as a partnership, but no question as to the other party is in any wise involved and the proceeding will be treated as if that of Furst only.

Novak, by petition filed on October 7th, 1948, and Merchants Mutual Credit Corporation, by petition filed on January 28th, 1950, sought to have the exemption of Furst in the sum of $1,600, as authorized by the laws of Georgia, set apart to the bankrupt, Furst, and prayed that a sufficient amount thereof be delivered to them to satisfy the indebtedness evidenced by their mortgage notes.

Following the filing of the Novak proof of claim and petition, on November 8, 1948, the bankrupt filed an amendment to his original petition disclaiming all homestead exemption. A trustee was appointed and, after conferences with the attorneys for the two creditors here involved, it was determined to sell the fixtures and equipment of the bankrupt estate. It was agreed that the homestead exemption of the bankrupt would be set apart out of the proceeds of the sale. Such sale was had and confirmed. The trustee submitted to the referee a report setting apart the sum of $1,600 as exempt and at the same time sought an order of distribution of the $1,-600. He prayed that he be authorized to make an equitable distribution of the exemption, first, $1,000 to Novak and then $600 to Merchants Mutual Credit Corporation. The referee declined to approve the report of exempt property and the petition for distribution. Apparently, in obedience to the ruling of this Court in Kronstadt v. Citizens & Southern Nat. Bank, 80 F.2d 260, the trustee then filed an amended report of exempt property in conformity with the exemption asked for by the bankrupt in the schedule of exempt property set forth in the original petition. The two creditors filed objections to this amended report upon the ground that it failed to set apart as exempt property the full amount of $1,600, allowed under Section 51–101 of the Georgia Code.

Basing his rulings upon decisions which he cited,[2] the referee overruled the creditors' objections. Upon petition for review, the District Judge, while not wholly agreeing with the reasons advanced by the referee, reached the same result. Considering Leiter v. Steinbach, supra, relied upon by the referee, the District Judge perceived it inapplicable. He also thought the present case distinguished by its facts from the Kronstadt case, supra. Upon the sole ground that the Georgia law authorized application for a homestead exemption only by the head of the family or other statutory beneficiaries, he adjudged that the creditors could not claim the exemption which the bankrupt had declined, and accordingly affirmed the order of the referee refusing to approve the setting aside of a $1,600 exemption.

Upon this appeal, the creditors insist that the facts of this case bring its strictly within the ruling of the Kronstadt case, supra, and not within the ruling in the Leiter case, supra.

 We do not agree that the ruling of the Kronstadt case should be applied here. As was pointed out in the Leiter case, supra, in the Kronstadt case the trustee sought to subject the exemption, once claimed by the bankrupt and afterwards renounced, to the claims of the general creditors—for distribution in bankruptcy, and this claim to subject the assets to administration in bankruptcy "furnished the nexus for the exercise of the jurisdiction of the bankruptcy court to determine whether the property in question had become by the renunciation, assets for distribution to general creditors, or whether the renunciation should be declared ineffective and the property set apart as exempt as claimed by the creditor. * * * there was no attack upon the power of the bankruptcy court to award the property to the claimant in the event the renunciation was determined to be ineffective." The ruling there dealt only with the right of the bankrupt to renounce in bankruptcy what had been once there claimed. That case should be considered in the light of its facts and not as an authority

2. In re Martin Bros., D.C., 294 F. 368; Leiter v. Steinbach, 5 Cir., 184 F.2d 751, 754; Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Chicago, Burlington & Quincy R. R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L. Ed. 1306.

for the proposition that a court of bankruptcy is compelled to recognize an assignment of the exemption right which is not asserted by the bankrupt. Where the bankrupt makes no claim to exemption, or claims only a partial exemption, as is true in this case, there can be no proper basis for a determination *by the court of bankruptcy* which requires that the privilege of exemption be recognized and enforced where not claimed by the party for whose benefit the statute law establishes it. The Leiter case dealt with a contest of the validity and existence of the assignment,— a different case from the present, but the principles there ruled are applicable, even if not controlling, here.

It is true that the Georgia decisions give full and binding effect to assignments of homestead and exemption rights, where such rights have been claimed by the assignor. Such decisions recognize and enforce, as a matter of State law, that " 'the right to a homestead or exemption' is an interest which in good faith 'can be transferred and assigned before the assignor is adjudged a bankrupt.' Citizens Bank & Trust Co. v. Pendergrass Banking Co., 164 Ga. 302(4), 138 S.E. 223, 226; Strickland Hardware Co. v. Fletcher, 152 Ga. 445, 110 S.E. 229; Saul & Co. v. Bowers, 155 Ga. 450, 453, 117 S.E. 86; and cit.; Massachusetts Mutual Life Insurance Co. v. Hirsch, 184 Ga. 636, 192 S.E. 435." Lyle v. Roswell Store, Inc., 187 Ga. 386, 200 S.E. 702, 703. However, these authorities, and the additional ones cited in the Kronstadt case, supra, each and all deal with instances where the bankrupt had claimed his permitted statutory exemption and had the same set apart to him in the bankruptcy proceeding. Thereafter, and when the exemption has been so set apart, the Georgia decisions hold that the original assignment when perfected by the act of the bankruptcy court in setting the exemption apart constitutes a title superior to any subsequent opposing conveyance attempted by the bankrupt assignor. This is all they do hold and in none of such decisions is there any intimation that the statute law of Georgia permits a homestead or exemption to be claimed by any other than the statutory beneficiary.

In other words, these decisions recognize that until the exemption has been set apart by the court of bankruptcy the assignment conveys only an inchoate estate. This, therefore, comes into existence only when such exemption is claimed by the bankrupt and set apart to him. The Georgia decisions will be searched in vain for any evidence of a holding that the Georgia statute law permits the assignee to claim the exemption in behalf of the assignor. In fact, in one of the foundation cases establishing the Georgia rule, Strickland Hardware Co. v. Fletcher, 152 Ga. 445, 110 S.E. 229, 231, in discussing the nature of the estate involved prior to the setting apart of the property by the bankruptcy court, it was said, "The title of the bankrupt in the property is more nearly analogous to a defeasible title. He may by his own act divest himself of title, or his right to have the property set apart by the bankruptcy court may, in certain circumstances, be defeated. As we have seen, however, the bankrupt prayed that certain property be set apart to him as exempt, and the property was set apart to the bankrupt as prayed." In that case, it was also stated, "It is true that the bankrupt might have withdrawn his claim to the property". This case, and many others, also states the well established Georgia rule, supported by numerous authorities, that, "When the exemption is set apart to the bankrupt by the bankruptcy court, the title is in the bankrupt precisely as it was before." Thus, though it may be subject to the assignment, the mere act of setting apart does not in and of itself execute the assignment. Furthermore, the decision in Lyle v. Roswell Store, Inc., supra, which recognizes that the right to exemption may be transferred and assigned before bankruptcy, states the rule to be, "When the property is set apart as exempt, the court of bankruptcy exhausts its jurisdiction over the property, and it remains the property of the bankrupt, unaffected by the bankruptcy proceedings. Bell v. Dawson Grocery Co., 120 Ga. 628, 48 S.E. 150; Saul v. Bowers, supra. Accordingly, his assignment thereof, whether before he is adjudged a bankrupt (Massachusetts Mutual Life Insurance Co. v. Hirsch, supra), or

pending the bankruptcy proceedings, will be unaffected by such proceedings. Taylor Co. v. Williams, 139 Ga. 581, 77 S.E. 386" and that "Where a creditor holds a note containing a waiver of homestead exemption and assignment of property that might be set apart to the bankrupt under his claims of exemption under the homestead laws of the State, equity may afford him a remedy by injunction to prevent the bankrupt from receiving property that may be set apart on his claim of homestead exemption, and appointment of a receiver to apply to the court of bankruptcy for possession of the property to be administered by the court of equity, as necessary to collection of the debt. An equitable proceeding of the character mentioned, instituted after filing of the petition in bankruptcy and before the property is set apart, is not premature on the ground that it is an unauthorized interference with the jurisdiction of the court of bankruptcy." This is recognition of the evident fact that in case of assignment as security, where the assignor refuses to recognize and discharge the assignment by payment, there must be proceedings in the nature of a foreclosure since the assignment is a mere security in the nature of a bill of sale to secure debt. The assignee holds title to the defeasible estate, but it is only a security title. There is sound ground for the conclusion of the trial court that the Georgia law recognizes no right in the assignee to apply for, and have set apart, the exemption right or estate which he holds as security. This, however, is a matter of Georgia law as to which we are not required to, and do not, attempt to declare any conclusion. However this question of Georgia law may be determined, when it may be brought before the State Courts, it presents fundamentally a matter of judicial coercion to enforce the equitable obligation of the assignor and the foreclosure of security thereby brought into existence. So much for the State law.

As a federal court, the court of bankruptcy, and this Court, is of course charged in such cases with the observance of the federal bankruptcy statutes. In the discharge of this duty of allowing claims to exemption, it is true that the nature and existence of the exemption are those provided by State laws and that the federal courts follow state laws in such matters. However, it is likewise true that this sound rule does not require the courts of bankruptcy to act in matters foreign to its jurisdiction as a court of bankruptcy or to provide coercive relief not related to the administration of the estates of bankrupts for the benefit of creditors. One of the functions of the court of bankruptcy is to "Determine all claims of bankrupts to their exemptions." [3] This clearly contemplates a claim by the bankrupt and when such exemption is claimed and set apart its content is of no further concern to the court of bankruptcy and is not subject to administration by the court. The title to the exemption remains in the bankrupt just as it was before, unaffected by bankruptcy. The right and power to set aside the exemption claimed by the bankrupt clearly does not require the Court to compel a claim to be made, nor to enforce one asserted by an alleged attorney in fact when the principal has affirmatively declined to make such a claim. The bankruptcy court will not concern itself with the administration of assets and the foreclosure of security thereon which are beyond its jurisdiction to administer and with which it, as a court of bankruptcy, is not concerned. Lockwood v. Exchange Bank, supra. Cf. Leiter v. Steinbach, supra. The controlling principle was well stated by this Court in Birmingham Finance Co. v. Chisolm, 284 F. 840, 841, as follows:

"The only jurisdiction which the bankrupt court has is to segregate, identify, and appraise what is claimed to be exempt, and to hear any controversies as to whether or not it is exempt, and perform such duties in regard to the exempt property as are prescribed by the Bankruptcy Act (Comp. St. §§ 9585–9656 [11 U.S.C.A. §§ 1,

3. Bankruptcy Act of July 1, 1898, c. 541, § 2(11) 30 Stat. 544, 11 U.S.C.A. § 11(11).

11]). Where it is alleged that by reason of a contract made before the bankruptcy the exempt property is subject to a debt or claim, that is not for decision by the bankrupt court, but should be left to be litigated between the bankrupt and the claimant in a court which would have jurisdiction thereof, had not bankruptcy occurred. Lockwood v. Exchange Bank, supra. In these assets the creditors have no interest. The only jurisdiction of the bankrupt court is to ascertain if they are subject to be exempted by the bankrupt, and, if so, to segregate, identify, and appraise them."

The remedy sought by the creditors in this case entailed in effect: requiring a bankrupt to claim his exemption, or permitting his assignee to do so for him; setting the same aside against the desires of the person who alone can claim it under the state law; and, in effect, adjudging a foreclosure of security either by delivery or sale of the property thus set apart (depending upon whether the exemption be asserted in property or in money). This would require the court of bankruptcy to determine controversies as to the ownership and application of assets with which it was not concerned and was not required to administer. That Court will not concern itself with requiring the specific performance of a contract even when it involves an exemption right.

Little room can exist for misunderstanding, doubt or dissent, if we keep our view steadfastly fixed on the origin and nature of the claim for exemption and the limited function of the bankruptcy court with respect to it. The first is entirely a matter of federal bankruptcy law—a permissive [4] recognition of the exemption allowed by state law when claimed by the bankrupt.

Other than with this recognition and allowance of the claim when, and if, made (which constitutes only a declaration of immunity of the state authorized exemption from administration in bankruptcy) the bankruptcy court is not concerned. The power and duty to protect the claim when made by the bankrupt does not require the Court to adjudicate the specific performance of contracts purporting to assign rights arising thereunder and the foreclosure of security which might be found to be conveyed by mortgage or bill of sale to secure debt. The bankruptcy court is a "collection court" only as to assets which it may properly administer.

The general and uniform rule applicable in such cases is clear and beyond doubt. Any lien upon exempt property of the bankrupt must be enforced in courts other than the court of bankruptcy.[5] As to assets of the bankrupt exempt by State laws, the court of bankruptcy exercises jurisdiction only to the extent necessary to segregate and set aside the property or money claimed as so exempt by the bankrupt. Title to such assets remains in the bankrupt as it was before, is not subject to administration in bankruptcy, and the adjudication of claims thereto by creditors or lienees therefore can not properly be made by the court of bankruptcy.[6] This being true, it would be manifestly fallacious to rule that the bankruptcy court should require property to be claimed, which when so claimed, passes beyond its powers to in any wise administer. The statute which authorizes the court to segregate and declare the *exemption from administration in bankruptcy* of the *exemption from levy and sale* provided by the state law, when the latter is claimed by the bankrupt, furnishes insurance neither that such a claim will be made nor that the bankruptcy court will

---

**4.** Of course, being constitutionally possessed of the power, the Congress could refuse to recognize the state exemption in bankruptcy proceedings. U. S. Constitution, Art. I, Section 8, Clause 4. It has however, wisely we think, adopted the respective state exemptions as the allowance by the bankruptcy court.

**5.** The rule is well stated in Collier on Bankruptcy, 14th Edition, Vol. 1, Section 6.05, supported by a multitude of cases there cited.

**6.** Lockwood v. Exchange Bank, supra.

by recognition and acceptance enforce an assignment and power of attorney to claim or that the bankruptcy court will concern itself with assets not subject to the general claims of creditors by a foreclosure of an instrument which conveys only an inchoate estate which can never become perfected until such a claim is made by the bankrupt. To hold otherwise, would constitute a ruling that the bankruptcy court should require the bankrupt to claim a privilege, which, when claimed, destroys the privilege, convert assets of exemption into assets for payment of debts; that it should bring into existence assets which it can not administer, but which it nevertheless would be required to administer in completion of the purpose for which such claim was required in the first place. If the power of such incongruity should be present no court should exercise it. We will not require such a perversion of the bankruptcy jurisdiction. We therefore reaffirm: that the bankruptcy court is not required to compel the bankrupt to claim the full, or indeed, any portion of the property or money which the State law exempts from levy and sale; that parties prior to bankruptcy can not by contract impose upon the court of bankruptcy the obligation to require acceptance and enforcement of an attempt to secure in discharge of such a contract the application of assets whose very nature result in their not being subject to administration in bankruptcy; and that these and related questions which concern the validity of the lien upon the exemption, the obligation of the parties, and the manner of their discharge, are properly for determination in other forums.

From the above, it results that the judg-

ment of the district court should be, and it is, hereby affirmed.

Judgment affirmed.

HUTCHESON, Chief Judge (dissenting).

In the Leiter case,[1] in a specially concurring opinion, I noted my agreement with the conclusion of the main opinion, that, under the circumstances of the case, the court below erred in taking jurisdiction of, and adjudicating, the complicated issues tried below.

Because, however, I disagreed with the premise on which that conclusion was based, that the court was without power to do so, and because it seemed clear to me that in the generality of its language the opinion would lead to the practical overruling of the Kronstadt case,[2] I took pains to point out the fundamental error of the premise on which it rested, and the consequences to which I feared it would lead.

In this case, the consequences, which, with prophetic insight, I so clearly foretold, have come to pass. Done to death by differentiation until it is but a shadow of its former self, indeed fallen into a state of innocuous desuetude, for practical purposes the Kronstadt case is no more.

Lamenting that this is so, but unable to do more in dissent from this result than I have already done in the Leiter case, I refer, as my dissenting opinion here, to my concurring opinion there, adding only that Birmingham Finance Co. v. Chisolm, 5 Cir., 284 F. 840, on which the majority opinion relies, was not from Georgia but from Alabama, where the state law is different.

I respectfully dissent.

1. Leiter v. Steinbach, 5 Cir., 184 F.2d 751.

2. Kronstadt v. Citizens & Southern National Bank, 5 Cir., 80 F.2d 260.